WILLIAM CRISP *v.* M. H. LOVE and others.

Where two persons are appointed as arbitrators, and it is provided in the submission, or rule of Court, that they may select an umpire, it must appear on the face of the award that the appointment of the umpire was the act of the will and concurring judgment of both the arbitrators.

This was an action of trespass *vi et armis* brought under the old practice in the Superior Court of Law for the County of CHEROKEE, and after issue joined was removed for trial to the County of MACON, and was placed upon the docket of the Superior Court of that County.   At the August Term, 1869, of that Court, it was referred by a rule of Court, " to N. G. Howell and Dr. Lyle, with power to choose an umpire, and their award or the award of a majority to be a rule of Court."   An award was returned to the Spring Term, 1870, of the Court, by A. M. Lyle, one of the arbitrators, and D. C. Hardin, as umpire, in favor of the plaintiff against one of the defendants, and in favor of all the other defendants.   To this award was annexed the following protest by the other arbitrator, N. G. Howell :

" The undersigned, one of the persons to whom this cause was referred, has had the award of A. M. Lyle, the other

referee, and one D. C. Hardin (who styles himself umpire) submitted to him, that he respectfully declines to adopt the same, as in his opinion the defendants are liable to the plaintiff for the property taken. He therefore enters his protest against said award in that the same is against the testimony taken in the cause."                    N. G. HOWELL.

The counsel for those defendants in whose favor the award was made, moved for judgment thereon, which the counsel for the plaintiff objected to, and filed several exceptions to the award, one of which was that the umpire was not chosen by the joint action and consent of the two referees.

The exceptions were overruled by his Honor, *Cannon, J.*, and a judgment given according to the award, from which the plaintiff appealed to the Supreme Court.

*M. Erwin*, for the plaintiff.

*Phillips & Merrimon*, for the defendants.

DICK, J. An arbitrator is a person selected by the mutual consent of the parties, to determine matters in controversy between them, whether they be matters of law or fact. He is invested with judicial functions, limited by the terms of the submission, and he must be incorrupt and impartial, and not exceed or fall short of his duty, and if he acts otherwise, his award may be set aside.

The award on its face ought to show that the arbitrator has acted upon all the matters submitted, and his judgment must be expressed with clearness and certainty.

When two persons are appointed as arbitrators, and it is provided in the submission, or rule of Court, that they may select an umpire, if they cannot agree, it must appear on the face of the award, that the appointment of the umpire was the act of the will and concurring judgment of both the arbitrators. Russell on Arbitration, 220.

In the case before us, it does not appear in the proceed-

ings of the arbitrators how and under what circumstances the umpire was chosen.

As the arbitrator Howell, in his protest against the award speaks of Hardin as one " who styles himself umpire," we conclude that the appointment was made without his consent.

The judgment of his Honor was erroneous, and the award must be set aside.

Let this be certified.

PER CURIAM.                                    *Venire de novo.*