D. M. GUDGER *vs.* A. E. BAIRD *et al.*

1. If a suit be referred by an entry on the docket in these words, viz: "this case is referred to A B, who shall summon the parties before him and hear the case, and his award shall be a rule of Court," and the referee files a paper which he styles an award, in which he finds the facts and his conclusions as an award, whether it is to be treated as an award under a rule or a reference under the C. C. P., the referee's finding of the facts is equally conclusive, as are also his conclusions as to the law arising on the facts, except probably where he undertakes to make the case turn upon a question of law and clearly mistakes it.

2. Where a guardian lent trust funds to a firm of which he was a member, and took their note payable to himself, although under the old system he could not sue at law, under the present system, by virtue of the conjunction of law and equity. A civil action upon such instrument may be maintained.

3. Independent of this view, relief under the C. C. P., sec. 249, is obtainable on the principle that the *cestui que trust* may follow the trust fund into the whose hands soever the funds may be found.

4. Nor in a suit on such note by the husband of the ward, to whom it had been assigned by the guardian, can it be objected that the guardian is not made party as by virtue of sec. 63, C. C. P., persons severally liable may all or any be included as defendants.

5. The objection that one of the wards is not made a party, induces the Court to modify the judgment of the Court below.

This was a civil action tried before His Honor Judge Henry, at Fall Term 1871, of the Superior Court of Buncombe county.

The case was heard upon the complaint, answer, award and exceptions thereto. It appears from the record that one Vance was the guardian of the plaintiff's wife and Robert Taylor, and that he lent money belonging to his wards to the firm of Smith, Baird & Vance, of which he was a member, and wrote their note payable to himself, and endorsed by him to the plaintiff.

The defendant contended the note was valid. The case was · referred to Col. W. M. Cocke—the entry being in these words:. " This case is referred to W. M. Cocke, who shall summon the parties before him and hear the case, and his award shall be a, rule of Court." The referee files a report, calling it an award, and therein ascertains the facts, and states his conclusions as to the law arising on the facts.

To this report, exceptions were filed by the defendant and · overruled by the Court, and judgment pronounced in accordance with the terms of the report or award, from which the·· defendants appealed.

*No Counsel* for plaintiff.
*M. Erwin* for defendants.

READE, J. Upon the coming in of the complaint and answer, there was the following entry on the record:

"This case was referred, by consent of the parties, to W. M. Cocke, Sen., who shall summon the parties before him and hear the case, and his award shall be a rule of Court. To report to the next term of the Court."

And at the next term, said Cocke reported as follows:

" The undersigned, to whose award and arbitrament the above mentioned case was referred by a rule of Court, begs leave to report, &c." And then he states the facts as he finds· them. And then he says, "from the foregoing facts I award,. &c." And then the following entry appears on the docket:

"Exceptions to award. The defendants except to the award &c." And then the Court says, "Exceptions overruled, the award in all things confirmed, &c."

And in the statement of the case for this Court it is said, "There was judgment for the plaintiff according to the award, &c."

From all this it would seem to be the ordinary case of of a . reference to arbitration, and an award and judgment accord-

ing the award.   If this is so, then there seems to be no force in the exceptions ; for awards are favored, and the finding of the facts by the arbitration is conclusive, and errors of law are not reviewed, except probably when he undertakes to make the case turn upon a point of law and clearly mistakes it.

It is proper, however, to say that the case was not treated in this Court on the argument as an award, but as a reference and report under C. C. P., sections 244, 246 and 247.

Considering the case then as a proceeding under the Code, it must still be true that the finding of the facts must be conclusive; for it is said that "when the referee is to report the facts the report shall have the effect of a special verdict." It would then remain to be considered whether there are any errors of law which are fatal to the plaintiffs recovery.

It seems that one R. B. Vance was guardian of the plaintiff's wife and her brother, Robert Taylor, and he was also a member of the firm of Smith, Baird and Vance, viz : the defendants and himself; and that he loaned to said firm $770 of his ward's money, and took the note of the former payable to himself as guardian, and subsequently endorsed the note to plaintiff to pay the share due to his wife and so much of the balance as was necessary to pay over to Robert Taylor, the other ward.

This suit is upon that note.  And now the defendants, Smith and Baird, object that the note is null and void, because said Vance is both payor and payee.

It is said that an action at law could not be maintained on said note, and that whatever remedy there was, was in Equity. While, therefore, an action at law could not have been maintained on such note formerly, yet as legal and equitable remedies may now be had in the same proceeding, the objection is without force.

The plaintiff is clearly entitled to relief on another ground, and although it is not precisely the relief asked for, yet the Code provides that when one is entitled to relief in a form and manner different from that in which it is sought, it is the duty of the Court to afford it.   *C. C. P. sec.* 249.

The complaint set out, and the fact is reported to be true, that a trust fund—(guardian money)—belonging to the wife of the plaintiff and her brother Robert Taylor, went into the the hands of the defendants by a loan from Vance, and that Vance is insolvent. And it is settled that the *cestue que trust* may follow the trust into whose hands soever the same may be. Treating the note therefore, as void as a note, and using it only as evidence of the deposit of the trust fund, the defendants are clearly liable. There is, therefore, no force in that objection.

The objection that Vance is not a party is without force, because persons who are severally liable may all or any be included as defendants. *C. C. P.*, 63.

The objection that Robert Taylor is not a party plaintiff has this force : that the judgment must be modified so as to reduce the amount to the sum of the share of the plaintiff's wife in the fund due from the guardian, as appears by the report of Cocke, and there will be judgment here in favor of the plaintiff for that amount.

We have considered whether we could not give judgment here for the whole sum, and allow it to be paid out only on motion of Robert Taylor and Vance, and whether we could not provide so as to hear the defendants here upon any equity which they may have against Robert Taylor; but in view of the fact that our jurisdiction is appellate, only we have concluded to modify the judgment, so as to give the plaintiff the amount reported in her favor as aforesaid, and remand the case subject to such judgment here, in order that new parties may be made as the parties may be advised.

Judgment modified and case remanded. This will be certified.

PER CURIAM.                                           Case remanded.