ALEXANDER HILLIARD and wife and others *v.* W. H. & W. F. ROW-
LAND, Adm'rs, with the will annexed, of ELIJAH B. HILLIARD.

Where a case had been referred for an account and report, and the report had
been made and set aside by consent, and then by consent of parties it was
ordered that the case be remanded for an additional report, showing what
fund of estate still remains after setting aside the sum of $2,000 due the
plaintiff B, showing also how each of the children of the testator stand to-
wards each other as to the amounts received, what is due from each of them
to the administrators, or from the administrator to each of them, and what is
due to each other. And for the better adjustment of the matters in question,
it is referred to J. H. T. as arbitrator, whose award shall be a rule of Court,
and who shall state the account necessary to exhibit what is here required,
&c.: *it was held* that it was a reference to arbitration, and that the report of
the arbitrator was an award, and not merely the report of a referee to take
an account; and it was held further that the arbitrator had not exceeded his
power in stating an account of the whole estate.

This was a BILL IN EQUITY filed in the Court of Equity
of NASH county under the former system by the plaintiffs,
who are the devisees and legatees of their father, Elijah B.
Hilliard against the defendants, who are administrators,
with the will annexed, of their said father, for the purpose
of getting a construction of his will, and then for an account
and settlement of his estate.

The defendants filed their answers, and the case was set
for hearing and then removed, by consent, to be heard in
the Supreme Court. This Court having given an opinion
as to the true construction of the will, an order was made
that the case be referred to the Clerk of the Superior Court
of Nash county to state the necessary accounts and make re-
port, &c. In due time his report was made, but not being
satisfactory, it was set aside by consent, and then by the
consent of the counsel of both parties, the following order
was made:

By consent of parties it is ordered that the case be reman-
ded for an additional report, showing what fund of the es-
tate still remains after setting aside the sum of $2,000 due
to the plaintiff, Bettie, showing also how each of the chil-

dren of the testator, other than the two oldest, stand towards each as to the amounts received, what is due, if any thing, from each of them to the administrators, or from the administrators, if anything, to each of them, and what is due, if anything, from each other.

And for the better adjustment of the matters in question, it is referred to John H. Thorp, Esq., as arbitrator, whose award shall be a rule of Court, and who shall state the accounts necessary to exhibit what is here required, and shall report what testimony he may deem it necessary in explanation thereof. This order is made without prejudice to the account reported, or the exceptions thereto filed.

Mr. Thorp made his report to June Term, 1872, and the case was continued to give the counsel on both sides time to file exceptions. At the present term the defendant's counsel filed several exceptions to the report treating it as if it were the report of a mere referee to state an account. One of the exceptions, however, applied to it as an award. It. was that the arbitrator had exceeded his power in taking an account of the whole estate, whereas it was contemplated that he should take only an additional account to the one already taken. The counsel for the plaintiffs moved for a confirmation of the report, insisting that it was an award.

*Battle & Son,* for plaintiffs.
*Moore & Gatling,* for defendants.

READE, J. There had been a reference to state an account and report, &c.; and a report had been made, with which neither party was satisfied. An order was then drawn up by consent, by the attorneys on both sides, reciting that it was desired to have an additional report showing what fund of the estate still remained after deducting $2,000 due one of the plaintiffs, and how the children of the testator stood towards each other as to the amounts received, and what.

each owed the other, and what each owed the administrators, and what the administrators owed each of them. "And for the better adjustment of the matters in question, it is referred to John H. Thorp, Esq., as arbitrator, whose award shall be rule of Court, and who shall state the accounts necessary to exhibit what is here required," &c. The arbitrator made his award and reported to Court. And now the plaintiffs moves for a confirmation of the report, treating it as an *award.* And the defendants file exceptions to the report, treating it as a report of a referee to state an account. And the first question is, whether said order was a mere reference as to a Clerk to state and report an account, or whether it was a reference to arbitration? There can be no doubt about it. The order is over the signatures of the counsel on both sides, learned in the law, so called, not by courtesy, but in verity; and it would be preposterous to suppose that they did not know the difference between a simple reference to state an account, and an arbitration. And the language is emphatic, that it is referred to Thorp as an *arbitrator,* and his *award* is to be a rule of Court.

One of the exceptions of the defendants is, however, entitled to be considered, *i. e.,* that the arbitrator exceeded his power in taking an account of the whole estate, whereas, it was contemplated that he should take only an *additional* account to the one already taken. But then, he was required to find what was the remainder of the fund after taking out $2,000, and *that* he could not do without ascertaining what was the whole amount. This exception is, therefore, overruled. And all the other exceptions are overruled; because, while they would be pertinent to a report of a referee, they are impertinent to the award of the arbitrator.

The award is confirmed, and there will be judgment accordingly.

PER CURIAM.    Judgment for the plaintiffs accordingly.