SAMUEL BARRETT v. WILLIAM B. RICHARDSON and others.

*Homestead — Purchase at Execution Sale.*

1. The Homestead Laws of North Carolina apply to pre-existing contracts and are not unconstitutional.

2. Where land is sold at execution sale "subject to homestead," the purchaser buys subject to that exception.

(*Hill* v. *Kessler*, 63 N. C. 437; *Garrett* v. *Cheshire*, 69 N. C. 396, cited and approved.)

CIVIL ACTION to recover the possession of Real Estate,. tried at Spring Term, 1876, of MOORE Superior Court, before: *Buxton, J.*

On the 19th of August, 1867, the plaintiff was the owner of a house and lot in the Town of Carthage, and on the 22nd of July, 1869, said property was allotted to plaintiff by the Sheriff (who had an execution against him) as a homestead at the valuation of $750.

The property had been rented to defendant Campbell by his co-defendants who claimed the ownership of the same and had received the amounts due for rent. Before the commencement of this action the plaintiff demanded of defendant Campbell the rent then due and also a surrender of the possession, which was refused upon the ground that he was forbidden to do so by his co-defendants. He also refused to pay rent to either party after said demand.

The defendants introduced a record of a suit (in which the present plaintiff was one of the defendants) which showed that said property had been sold under execution and bought by one J. D. McIver at $330, upon payment of which the Sheriff executed a deed on the 2nd of March, 1870. On the 5th of March, 1873, said McIver conveyed the said property to the defendants, Richardson and David S. Barrett, in consideration of $450, who insisted that they had acquired the title of plaintiff. The plaintiff replied that said property was sold subject to the homestead; to which the defendants rejoined that said judgment and execution were based upon debts incurred before the adoption of the Constitution of 1868, and that the docketing of the same created a lien on said property.

In accordance with the instructions of His Honor, the jury rendered a verdict for the plaintiff. Rule for new trial. Rule discharged. Judgment for the possession of the property and $381.45 damages and costs. Appeal by defendants.

*Mr. Neill McKay*, for plaintiff.
*Mr. John Manning*, for defendants.

READE, J.  The plaintiff was the owner of the land in controversy, and in July, 1869, he had his homestead therein laid off by metes and bounds according to law.  Subsequent thereto, judgments were obtained against him on debts which he owed before the adoption of the Constitution which secures a homestead.  These judgments were docketed ; and executions issued thereon were levied on the land in controversy "subject to homestead."

The sale was made by the Sheriff under the levy and his deed to the purchaser recites the levy.  The defendants, who claim under said purchaser, claim the land discharged of the homestead, upon the ground that the debts for which the land was sold were contracted prior to the adoption of the Constitution aforesaid ; and that therefore the plaintiff had no right to claim a homestead as against those debts.

Grant that, for the sake of argument ; and grant that the plaintiffs in these executions might have had the lands levied on and sold, yet they were not obliged to do it and did not do it.  On the contrary, the levy, sale and Sheriff's deed were "subject to homestead."  If the deed under which defendants claim, recognizes the homestead, a thing laid off by metes and bounds, as exempt from its operation, how can the defendants claim what their deed does not profess to convey ?  If it was the purpose to sell the land in spite of the homestead, why not say so?  Why sacrifice the debtor's property under the pretence that it was encumbered if it was not ?  The sale was not made subject to homestead *if* there is any, but unconditionally and without qualification, "subject to homestead."  The fact that the plaintiff's homestead had been laid off was notorious and the bidders must have understood that they were buying subject to that exception.  Before the statute and the decisions exempting it, it was generally understood that the *reversion*, in case of a homestead, might be sold ; and the small sum for which the land sold would seem to indicate that such was the notion

at this sale. The premises sold for $330, whereas but a short time before, they had been valued to the plaintiff at $750. Such a levy and deed cannot be supported as conveying the premises discharged of the homestead. There stand the premises, let the creditors levy upon them and sell them if they think they have the right to do so. It was stated by the defendants' counsel at this bar that he desired the opinion of this Court as to whether the plaintiff is entitled to a homestead in the premises as against debts contracted as these were. Such is our opinion as expressed in numerous cases. Notably, *Hill* v. *Kessler,* 63 N. C. 437, and *Garrett* v. *Cheshire,* 69 N. C. 396.

No error.

PER CURIAM.                              Judgment affirmed.