BENJAMIN WYCHE v. E. G. WYCHE.

*Homestead—Purchase at Execution sale.*

Where land is sold at execution sale " subject to homestead," the purchaser takes it with the encumbrance. *Barrett* v. *Richardson*, 76 N. C., 429, approved.

(*Barrett* v. *Richardson*, 76 N. C., 429; *Knight* v. *Leak*, 2 Dev & Bat. 133, cited and approved.)

CIVIL ACTION tried at Fall term, 1880, of GRANVILLE Superior Court before *Eure, J.*

This is an action brought to recover the possession of a tract of land which it is admitted formerly belonged to one Andrew J. Harris, who is now dead. The plaintiff claims to have purchased at sheriff's sale under a judgment against Harris. The defendants are his widow and children, and claim to hold the land under an assignment of homestead made in his lifetime.

The judgment founded on a note given in 1861, was obtained in March, 1869, and docketed on the 10th day of the same month. Execution issued and was placed in the hands of the sheriff who endorsed thereon as follows: "I have this day levied this *fi. fa.* on one tract of land situate, &c., containing 181 acres more or less—levied on as the property of Andrew J. Harris, March 11th, 1869." A return was made to August term, 1869, as follows: "Satisfied in part by the sale of *one tract of land* described in levy on back, which land was sold to the highest bidder for cash, &c., at which time and place Benjamin Wyche became the last and highest bidder," &c.

The deed to plaintiff was executed on the third day of July, 1869, and after reciting the judgment and execution against the said Harris, and the levy and sale by the sheriff, it proceeds as follows: " In consideration of the premises

and the purchase money paid, &c., the said Moore, sheriff as aforesaid, hath bargained and sold unto the said Wyche and his heirs all the right, title and interest of the said Andrew J. Harris as aforesaid in and to the said following tract of land levied on as aforesaid, situate, &c., containing 181 acres more or less. *This land is sold by the sheriff subject to the right of the said Harris to a homestead therein."* To have, &c.

In the court below a trial by jury was waived, and all the issues, whether of law or fact, submitted to the finding and determination of the judge.

In addition to the documentary proofs above referred to, it was shown in evidence that previous to the sale by the sheriff a homestead covering the whole of the tract had been set apart to Harris, upon his petition to a justice of the peace, and one Jones testified that as deputy sheriff he made the sale of the land, and that the same was sold subject to the right of Harris to a homestead therein. It was further in evidence that the land was worth from $850 to $1,000, and the amount bid by the plaintiff and paid to the sheriff was $95. Judgment for defendant, appeal by plaintiff.

*Messrs. Gilliam & Gatling,* and *J. W. Hays,* for plaintiff.

*Mr. W. H. Young,* for defendant, cited *Sheppard* v. *Simpson,* 1 Dev., 244; *Barrett* v. *Richardson,* 76 N. C., 429; *Knight* v. *Leak,* 2 Dev. & Bat., 133; *Hodge* v. *Houston,* 12 Ired., 108; *Jackson* v. *Jackson,* 13 Ired., 159; *Clarke* v. *Trawick,* 56 Ga., 359; and contended that *Palmer* v. *Giles,* 5 Jones Eq., 75, and *Green* v. *Rutherford,* 2 Ired. Eq., 122, (cited for plaintiff) did not apply to this case.

RUFFIN, J., after stating the case. His Honor, as we infer, (though the statement as to this part of the case is by no means as clear as it should have been) found as a fact, that the sale was made subject to the homestead as allotted to

7

the defendant in the execution, and that the sheriff's deed was intended to convey only his reversionary interest in the land.

These findings are conclusive alike upon the parties to the action and this court, and being so, we cannot perceive how the case differs from that of *Barrett* v. *Richardson*, 76 N. C., 429, in which it was said that where land is sold at execution sale "subject to homestead," the purchaser takes it with the encumbrance—even though the debt be one against which no such homestead right exists, and in the absence of all direct authority on the point, it would seem that reasoning on general principles must lead to a like conclusion.

A sheriff sells not by virtue of any property in himself, but as the mere instrument of the law, and his deed can convey just that which was actually sold and no more, and the rule that deeds are taken most strongly against the makers does not apply to it, for which see *Knight* v. *Leak*, 2 Dev. & Bat., 133, and the other cases referred to in the carefully prepared brief of defendant's counsel.

It is very true that the sheriff is presumed to sell the whole interest of the defendant in the execution, and when he does so and makes a deed accordingly, it will effectually convey every such interest, even though not within the contemplation, or knowledge of the officer at the time. But when he expressly limits the interest sold, and is understood to do so by persons present, it would be most unjust to hold that a greater interest passed.

No error.　　　　　　　　　　　　　　Affirmed.