J. B. GRANT v. M. EDWARDS and others.

*Ejectment, evidence in—Homestead.*

In an action to recover land, the plaintiff was the purchaser at a sale under execution upon a debt of defendant contracted in 1858; *Held*, (1) That proceedings allotting a homestead against such debt are void, and therefore should not have been admitted as evidence. (2.) It is competent to prove the proclamations of the sheriff at the sale, to the effect, that without knowing the law in regard to homestead exemption, he sold such right as the defendant in the execution had, and that he had laid off his homestead which covered all the land offered for sale.

*Gheen* v. *Summey*, 80 N. C., 187; *Wyche* v. *Wyche*, 85 N. C., 96; *Barrett* v. *Richardson*, 76 N. C., 429, cited and approved.)

33

CIVIL ACTION to recover land, tried at Fail Term, 1881, of NORTHAMPTON Superior Court, before *Gilmer, J.*

The case was submitted to a jury who found a special verdict as follows : That in an action begun before a justice of the peace against the defendant, Edwards, and in favor of one Spivey, to the use of the plaintiff, upon the defendant Edwards' bond, dated Nov. 1st, 1858, judgment was rendered in favor of the plaintiff on the 27th December, 1869, for $132.03 and costs ; that a transcript in due form of this judgment was docketed upon the judgment docket of the superior court of Northampton county, and execution issued thereon on the 1st of January, 1870 ; that the sheriff levied this execution on the lands of the defendant Edwards whereon he then lived, first having the defendant's homestead duly appraised and laid off, including the entire tract of land sued for, which is worth about five hundred dollars ; that such appraisement was in due form and returned to the office of the clerk of the superior court aforesaid, and filed with the judgment roll in the action, and a minute of the same made on the judgment docket ; that the sheriff on the 5th day of February, 1870, after such appraisement of the homestead and after due advertisement put up the land for sale, proclaiming to the bystanders that without knowing what the law was, he sold such right and title of the defendant in this land as he was entitled by law to sell ; that he had laid off the defendant's homestead and that it covered all the premises offered for sale, when the plaintiff became the purchaser for the price of ten dollars and took the sheriff's deed therefor, dated February the 5th, 1870.

If upon the above state of facts the court is of the opinion that the plaintiff is entitled to recover the possession of the land sued for, then we find all issues in favor of the plaintiff and assess his damages at forty dollars per annum with interest from the first day of January succeeding, on each

year's rent; but if the court is of a contrary opinion, then we find all issues in favor of the defendant.

Upon this finding of the jury there was judgment in favor of the defendant, and the plaintiff appealed.

*Messrs. R. B. Peebles* and *Thos. N. Hill*, for plaintiff.
No counsel for defendants.

ASHE, J. On the trial the court permitted the defendant, subject to the plaintiff's objection, to offer in evidence the proceedings had by the appraisers in setting apart the homestead of the defendant, and also evidence of the proclamation of the sheriff at the time of the sale; "that without knowing what the law was, he sold such right and title of the defendant in the land as he was entitled by law to sell;" that he had laid off the defendant's homestead, and that it covered all the premises offered for sale. There was error in admitting the first evidence but none in admitting the latter.

The debt was contracted, as shown by the pleadings, in 1858, and the defendant had no right to his homestead against the debt. The appraisers therefore had no right to lay off and set apart the homestead to the defendant, as was decided in the case of *Gheen* v. *Summey*, 80 N. C., 187. They had no jurisdiction, and the proceeding had by them was a nullity as against this debt, and therefore incompetent evidence.

The other exception was properly overruled. What was said by the sheriff at the time of the sale was clearly admissible as a part of the *res gestæ*.

In addition to these exceptions to the evidence, the plaintiff insisted that upon the special verdict the judgment should have been given for the plaintiff, and that there was error in rendering it in favor of the defendant, and this exception we think was well taken.

This case is distinguishable from that of *Wyche* v. *Wyche,* 85 N. C., 96. That was an action upon a note given in 1861, and judgment was obtained and docketed in March, 1869, execution was issued, the homestead of the defendant laid off and set apart to him, as in this case. It was proved by the deputy sheriff who sold the land, that the sale of the land was made subject to the right of the homestead therein, and the sheriff's deed expressly declared that this land is sold by the sheriff "subject to the right of the said Harris (the defendant), to a homestead therein," and this court held upon the authority of *Barrett* v. *Richardson,* 76 N. C., 429, that as the land had been sold at execution sale, subject to the homestead, the purchaser took it with the encumbrance, even though the debt be one against which no homestead right existed. The decision was put upon the ground that the sheriff had by his declarations at the sale, and by the terms of his deed, expressly limited the interest sold.

But in our case there is no such declaration at the time of the sale and no such statement in the deed. The sheriff did not profess to sell subject to the homestead right, but expressly declared that he did not know whether the defendant was entitled to his homestead or not, but whether he was or not, he sold just such interest as he had in the land, and his deed purported to do the same. It was a fair sale; there was no pretence of any fraud or collusion between the sheriff and the plaintiff. The defendant was not entitled to a homestead, and the plaintiff was the highest bidder and received the sheriff's deed. We can see no reason why that deed did not convey to him a good title to the land. We have nothing to do with the hardship of the case. It is one of those "quick-sands" of the law into which the defendant has fallen without any power in the courts to rescue him.

There is error. The judgment of the superior court is therefore reversed, and judgment must be entered in this

court for the plaintiff in accordance with the special verdict found by the jury.

Error.  Reversed.