J. B. GRANT v. M. EDWARDS and others.

*Petition to Rehear—Jurisdiction—Excusable Neglect.*

Upon petition to rehear, this court will not disturb the judgment upon the ground of alleged fraud: an independent action to that end should be brought in the superior court. Nor do the facts here constitute a case of excusable neglect.

(*Kincaid* v. *Conly*, Phil. Eq., 270; *McLean* v. *McLean*, 84 N. C., 366; *McDaniel* v. *Watkins*, 76 N. C., 399; *Williams* v. *Williams*, 70 N. C., 665; *Burnett* v. *Nicholson*, 86 N. C., 99; *Whissenhunt* v. *Jones*, 78 N. C., 361, cited and approved).

PETITION to rehear filed by the defendant and heard at February Term, 1883, of THE SUPREME COURT.

*Mr. R. B. Peebles*, for plaintiff.
*Messrs. Reade, Busbee & Busbee*, for defendant.

RUFFIN, J.   This cause was decided at February term, 1882, of this court (86 N. C., 513), and is now before us upon a petition to rehear it.   No error is assigned as to the defendant, Edwards, but only as to the defendant, Deloatch.

As to him the case is as follows: The plaintiff commenced this action in 1878, by a summons regularly served upon both defendants, and returnable to the fall term in that year of the superior court of Northampton county.   In his complaint which was filed at the return term, he alleged that he was the owner in fee, and entitled to the possession of a certain specifically described tract of land, of which, however, the defendants had possession and were unlawfully withholding the same.

At the same term the defendant, Edwards, filed an answer, denying the plaintiff's title to the land, and setting up title in himself, and the right to the possession thereof.   The defendant, Deloatch, filed no answer at that, or any other time.   The cause was tried at fall term, 1881, when the jury rendered a special verdict, as set out in the statement of the case as reported in 86 N. C. Rep., 513, except that its conclusion was not in favor of the *defendant*, as is there stated, but of the *defendants*, in case the court was of opinion with them.

Upon the verdict, judgment was rendered for the *defendants*, and the plaintiff appealed.   In this court, that judgment was reversed, and judgment entered for the plaintiff against both the defendants, according to the finding of the jury.

In his petition for a rehearing, the defendant, Deloatch, now alleges that he has never been in possession of any portion of the land described in the plaintiff's complaint; that in 1877, about one year prior to the commencement of the action, he purchased from the defendant, Edwards, a very small portion of the land, but as the part so purchased was altogether in woods, he took no possession of it or derived any profit from it, nor could he in its then condition have derived any profit from it; that soon after the service of the summons upon him, he saw the plaintiff and informed him that he should not on his part defend the

action, since the only question involved was, whether the defendant, Edwards, was entitled to a homestead or not, and this could be determined as well without his participation in the contest as with it, to all of which the plaintiff assented; that acting upon this idea, he retained no counsel and filed no answer, nor did he take any part in the trial or assent that the jury should return a special verdict; that though his purchase of part of the land was made only in 1877, he is fixed by the terms of the judgment with having received rents for seven years anterior to that date.

The errors assigned are:

1. That the judgment is erroneous as to the defendant, Deloatch, in that it was rendered against him without the intervention of a jury.

2. That he is entitled to have it set aside upon the ground of excusable neglect, and because it would be a fraud on the part of the plaintiff to avail himself of the judgment after the understanding entered into between the parties, as set out in the petition of the defendant. •

The court can perceive no ground upon which it should be required, or could even feel justified to reverse the judgment rendered in this cause.

Not upon the ground of the fraud suggested; for that would involve the necessity of trying issues of fact, which from its very constitution the court is incompetent to do. In *Kincaid* v. *Conly*, Phil. Eq., 270, it was expressly declared, and after much consideration, that a judgment of this court could be impeached for fraud only by an independent action, of which the superior court alone had original jurisdiction, and this was reäffirmed in the same case as reported in 64 N. C., 387.

Conceding the facts of the case to be as set out in the defendant's petition, it is plain that an error of fact is involved in the judgment, and that the plaintiff has recovered against him a much larger sum than he was entitled to, but this was by reason of a failure of proofs in the cause, and not because of any error

of law, such as could be corrected on an appeal to this court. By his failure to answer the complaint, the plaintiff had it in his power to take judgment by default against him at any time, but this he was not bound to do before trying the cause as to his co-defendant, nor can there be any reason why the same jury should not assess the plaintiff's damages as against both of them.

Neither can we regard the neglect of the defendant to make his defence as in any manner *excusable*. From his own statement of the matter, it nowhere appears that the plaintiff promised, or gave him reason to believe, that he would not take judgment against him, or that he even knew of the nature, or date, of the defendant's claims to the land in dispute. The most, and indeed all, that he seems to have done was, to give his assent, which it might well have been supposed he would do, to the defendant's own proposition that he should offer no resistance to the action.

The defendant was regularly served with process which gave him full notice that, in case of his failure to make defence, judgment would be taken against him, according to the demand of the complaint, in which demand the amount of the damages claimed was specified. He was, therefore, affected with full notice of the judgment and every other step taken in the cause. *McLean* v. *McLean*, 84 N. C., 366; *McDaniel* v. *Watkins*, 76 N. C., 399. Being thus sued, he owed at the least that degree of diligence which a man of ordinary prudence might be expected to give to matters of similar importance, and this he fell far short of, not so much because of any misunderstanding he had with the plaintiff, as from mistaken notions of economy.

The case, therefore, falls distinctly within the principle declared in *Williams* v. *Williams*, 70 N. C., 665, where it was said that the court would not exercise its discretion so far as to set aside even an erroneous judgment, in favor of a party who had himself been guilty of laches.

So far as regards this court, there was nothing in the record which in the slightest degree was suggestive of any irregularity in the judgment of the court below. The jury appear to have

been regularly impanelled to try issues between the plaintiff and both the defendants; and this, as to the question of rents and profits, was strictly proper; the verdict rendered purported to be against them both, in case the court should hold the law to be against them upon the facts found; the judgment rendered was in favor of them both, and the notice of the plaintiff's appeal was served upon them both. So that, the judgment here was strictly according to the course of the court, and cannot upon any ground be impeached for a want of regularity.

The discrepancy between the amount of damages demanded in the complaint and that given by the verdict, is accounted for, we presume, by the fact that the jury assessed the plaintiff's damages up to the time of the trial. This, according to the authorities, it was proper for them to do in an action such as this, for the recovery of land. *Burnett* v. *Nicholson*, 86 N. C., 99; *Whissenhunt* v. *Jones*, 78 N. C., 361.

The variance might have been cured, and still might be cured by an amendment of the complaint. Rev. Code, ch. 33, § 17. Under the circumstances, however, we do not think it would be in furtherance of justice to permit it to be thus amended, but rather require the plaintiff to remit all in excess of the sum demanded in his complaint.

As thus modified the judgment heretofore rendered in this cause is affirmed.

PER CURIAM.                    Judgment accordingly.