L. W. KEENER v. ALEXANDER GOODSON.

*Arbitration and Award—Reference under the Code—Judgment, valid without judge's signature—Color of Title—Homestead— Statute of Limitations.*

1. Where a cause is referred to arbitrators the submission to be a rule of court, the court enters judgment according to the award. The arbitrators are not bound to find the facts, or to state thems eparately from their conclusions of law, or to decide according to law. Distinction between a reference to arbitrators and a reference under THE CODE, §422, noted by ASHE, J.

2. The validity of a judgment is not affected by the failure of a judge to sign it, since the statute providing for such signing is merely directory.

3. Color of title is a writing which upon its face professes to pass title to land.

4. The assignment of homestead does not constitute color of title. It is not a conveyance, nor does it profess to pass title to the land, but simply attaches to the existing estate of the homsteader a quality of exemption from sale under execution.

5. A homestead will not be allowed against a judgment founded upon a contract made prior to the adoption of the constitution of 1868.

6. The statute allowing actions to be brought *within* a year after judgment of nonsuit, is intended to extend the period of limitation, not to abridge it.

(*Crisp* v. *Love*, 65 N. C., 126; *Gudger* v. *Baird*, 66 N. C., 438; *Hilliard* v. *Rowland*, 68 N. C., 506; *Lusk* v. *Clayton*, 70 N. C., 184; *Pickens* v. *Miller*, 83 N. C., 543; *Cunningham* v. *Howell*, 1 Ired., 9; *Simpson* v. *McBee*, 3 Dev., 531; *Rollins* v. *Henry*, 78 N. C., 342; *Tate* v. *Southard*, 3 Hawks, 119; *Dobson* v. *Murphy*, 1 Dev. & Bat., 586; *Littlejohn* v. *Egerton*, 77 N. C., 379; *Gheen* v. *Summey*, 80 N. C., 187; *Grant* v. *Edwards*, 86 N. C., 513, cited and approved).

EJECTMENT tried at Spring Term, 1883, of LINCOLN Superior Court, before *Shipp, J.*

The plaintiff put in evidence, under objection, the record of an action in the superior court of Lincoln county in which S. W. Keener, Daniel Goodson, and S. V. Goodson, administrator, were plaintiffs against Alexander Goodson, which showed that at the appearance term of said action the following order was made:

18

"As a compromise, this case is referred to Marcus Wike and James Mullin, with leave to choose an umpire before beginning, if they see proper, and their award or a majority of them to be a rule of this court. Umpire not to act unless they disagree."

On the 17th of September, 1869, being the fall term of said court, the arbitrators made an award as follows:

"We proceeded to investigate this case on the 15th of September, 1869, and after hearing all the testimony produced and examining all the books and papers in the investigation, we beg to report that in our judgment the defendant is due the plaintiffs five hundred and eighty dollars and seventy-five cents, all of which is respectfully submitted." "Judgment according to award."

On the judgment docket there was the following entry: "S. W. Keener, Daniel Goodson and S. V. Goodson v. Alexander Goodson, October 25, 1869; judgment for principal and interest, $580.75; costs, $80.45=$660.20."

The plaintiff gave in evidence an execution issued upon this docketed judgment, a sale thereunder on the 25th of April, 1870, and a sheriff's deed to him dated 16th of May, 1870, for the land in controversy.

The defendant offered in evidence a deed for the land in dispute from the plaintiff Keener to Joseph F. Johnson, dated 21st of July, 1875; and also a transcript of the record of an action in the circuit court of the United States at Greensboro—Joseph F. Johnson v. Alexander Goodson—commenced on the 9th of September for same land, and continued until April term, 1877, of said court, when the plaintiff was called and nonsuited. He also gave in evidence the proceedings of the assignment of his homestead, dated the 29th of October, 1869, which embraced the entire tract of land in controversy, and was valued at nine hundred and sixty dollars.

The defendant testified that he had been in possession of the land for twenty-five years, by inheritance from his father, and in the actual continuous possession thereof, adversely to the

plaintiff and all others, under the assignment of his homestead from the date thereof until the commencement of this action.

The plaintiff then offered in evidence a deed from Joseph F. Johnson, dated the 7th of October, 1879, reconveying to him the land in controversy.

It was agreed that the alleged judgment under which the land was sold and purchased originally by the plaintiff was founded upon certain contracts for building and operating a forge, entered into and to continue from 1862 to 1866, between the plaintiff and others and the defendant, as set forth in the complaint in that action.

The defendant contended:

1. That there was no proceeding and judgment to warrant the sale of the land.

2. That the possession of the land under the homestead was adverse under color of title, and after seven years barred the plaintiff's action.

3. That the action, having commenced more than one year after nonsuit, could not be sustained.

4. That the defendant was entitled to homestead under the pleadings in the action in which judgment and sale of land were had.

There was a verdict for the plaintiff and judgment accordingly, from which the defendant appealed.

*Messrs. Hoke & Hoke* and *B. C. Cobb,* for plaintiff.
*Mr. W. P. Bynum,* for defendant.

ASHE, J. The first contention of the defendant was, that the record of the judgment produced in evidence did not show a valid judgment, and that the sale thereunder was void, and the plaintiff acquired no title to the land by the sheriff's deed. The counsel insisted that the judgment upon the award was interlocutory, and that the award itself was defective, because the arbitrators did not find the facts. The counsel argued these

points as if the order of reference was under The Code of Civil Procedure; if it had been so, there would have been a good deal of force in his position; but he seems to have entirely overlooked the distinction between a reference under The Code and a reference to arbitrators, and their award to be a rule of court. The provisions of The Code of Civil Procedure have not repealed the common law practice of reference to arbitrators. That practice is still extant, notwithstanding The Code. *Crisp* v. *Love*, 65 N. C., 126; *Gudger* v. *Baird*, 66 N. C., 438; *Hilliard* v. *Rowland*, 68 N. C., 506.

Arbitrators are not bound to find the facts. The effect of a reference to arbitrators is very different from that of a reference under The Code. Arbitrators may choose an umpire; they are not bound to find the facts separately from their conclusions of law; they are not bound to decide according to law, and their award may be general; thus, "that plaintiff recover $—— and costs." *Lusk* v. *Clayton*, 70 N. C., 184; *Pickens* v. *Miller*, 83 N. C., 543. And where the award is made and no exceptions taken, or, if taken, not sustained, the practice has uniformly been for the court to render judgment according to the award.

In England, where the submission of a cause to arbitrators was made a rule of court, the practice was to grant an attachment for all disobedience of a rule of court to stand to the submission and award. But it has been said by Chief-Justice RUFFIN that, instead of the attachment in this state, the practice, from a period so early that no one of the profession knows when it did not exist, has been to enter judgment for the debt or damages according to the award. *Cunningham* v. *Howell*, 1 Ired., 9; same principle in *Simpson* v. *McBee*, 3 Dev., 531. In the former of these cases, where the judgment was sustained by this court, the entries were very similar to those in this case. There, there was an order of reference submitting the cause to arbitrators, whose award was to be a rule of court. An award was made and returned that Hyatt should pay to the plaintiff the sum of $155, and there was judgment for the sum of $155, according to the award.

The defendent further insisted that the judgment was not valid because it was not signed by the judge. In *Rollins* v. *Henry*, 78 N. C., 342, it was held that "the requirement that the judge shall sign all judgments is merely directory." In that case the judgment docket of the superior court of Buncombe was offered in evidence, which showed a judgment in favor of B. H. Merrimon against W. L. Henry, dated November 20, 1869. Defendant objected to its admission, because it was not signed by the judge and was not a full copy of the judgment-roll. It was, however, admitted, and this court held it was competent.

The second ground of the defendant was, that the homestead as laid off was color of title, and the seven years' adverse possession under it barred the plaintiff's recovery.

We do not concur with this proposition. A color of title is defined to be a writing upon its face professing to pass title to land. *Tate* v. *Southard*, 3 Hawks, 119; *Dobson* v. *Murphy*, 1 Dev. & Bat., 586. The assignment of homestead is in no sense a conveyance of land, nor does it profess to pass any *title* whatever. How can it, when the owner's original title continues in him? It in no way changes his title. It creates in him no new estate. It has no other effect than simply to attach to his existing estate a *quality of exemption* from sale under execution. *Littlejohn* v. *Egerton*, 77 N. C., 379; *Gheen* v. *Summey*, 80 N. C., 187; *Grant* v. *Edwards*, 86 N. C., 513. Our opinion, therefore, is that the proceedings assigning to the defendant his homestead do not constitute color of title.

The defendant's third ground is, that he was entitled to hold his homestead in the land against the demand of the plaintiff.

We think differently. It was agreed on the trial that the judgment under which the plaintiff claimed his title to the land was founded upon a *contract* made prior to 1868. This admission settles that question. We need not at this day cite authorities to show that a land owner has no right to a homestead against a judgment founded upon a contract made prior to the adoption of the constitution of 1868, and if in such

a case it were the duty of the sheriff to have the homestead laid off before sale, he was not bound to do so here, because it was manifest there was no excess to be levied upon, for the defendant's homestead had already been allotted to him, and it was assessed by the appraisers to be worth less than one thousand dollars.

The other ground of the defendant, that the plaintiff's action could not be sustained because instituted more than a year after the nonsuit had been entered in the case of *Johnson* v. *Goodson*, in the circuit court, is without any force.

The statute allowing actions to be brought within a year after judgment of nonsuit, was intended to extend the period of limitation, but not to abridge it.

There is no error. The judgment of the superior court of Lincoln county is affirmed.

No error.                                                    Affirmed.