CHARLES REIZENSTEIN, Adm'r, v. M. HAHN.

*Consent Reference—Partnership—Administration—Judgment— Arbitrator—Jury Trial.*

1. In an action by administrator of a deceased partner against the one surviving, it was ordered, with consent of all parties, that "all the partnership matters and all the issues arising out of the pleadings shall be referred to O. M., whose findings and decision on the same shall be final and conclusive between all the parties hereto." The arbitrator found for the plaintiff, and the Court gave judgment accordingly. There were no exceptions filed and no demand for jury trial: *Held*, that the judgment must be sustained.

2. The award of the arbitrator, when made a judgment of the Court, is final and conclusive between the parties.

This was a CIVIL ACTION, tried before *Armfield, J.*, at Spring Term, 1890, of the Superior Court of CRAVEN County.

Plaintiff moved the Court for judgment on the report of O. Marks, to whom the case had been referred at a previous

term by an order in the record. Said order and report are as follows, to-wit:

"This cause coming on to be heard before his Honor E. T. Boykin, Judge, on the sworn complaint of plaintiff and answer of defendant and, by consent of all parties hereto, it is ordered and adjudged that all the partnership matters of A. & M. Hahn and M. Hahn & Co., and all issues and matters arising out of the pleadings in this action, be referred to O. Marks, whose findings and decision on the same shall be final and conclusive between all the parties hereto.

"As arbitrator in this case, in which Charles Reizenstein, administrator of A. Hahn, is plaintiff, and M. Hahn is defendant, after hearing all the evidence of matters referred to me, I find as my judgment, that M. Hahn is indebted to Charles Reizenstein, administrator, in the sum of three hundred and eighty-eight dollars and twenty cents ($388.20).

O. MARKS."

The defendant objected to plaintiff's motion for judgment, "Because there was no order of the Court or agreement that the findings of said referee should be entered as a judgment of the Court." There being no exceptions filed or suggested to the report of the referee, and no demand for a trial by jury, his Honor confirmed the report of the referee, and gave judgment for plaintiff in accordance therewith, and defendant appealed to the Supreme Court.

The plaintiff, as administrator of A. Hahn, brought the action against the defendant M. Hahn, as surviving partner of the firm of A. & M. Hahn, composed of said intestate and defendant; and alleged that the defendant had collected a large amount of the partnership assets for which he had not accounted, and that he refused to pay over to plaintiff a large sum due him as administrator as aforesaid, and asked that an account be taken.

Defendant denied that he had failed to account for said assets, and averred that in a settlement with plaintiff he had overpaid the latter. Defendant asked, by way of counterclaim, judgment for excess so paid over and above what was due. The defendant also prayed that an account be taken.

*Mr. C. Manly*, for plaintiff.

*Messrs. M. De W. Stevenson* and *W. W. Clark*, for defendant.

AVERY, J.—after stating the facts: The consent order provided that all issues arising out of the pleadings should be referred to O. Marks, whose findings and decision on the same should be "*final and conclusive* between all the parties hereto." The award of Marks could not have the effect contemplated by the parties unless it assumed the shape of a judgment or rule of the Court so as to operate as an estoppel upon the parties to the action. *Robbins* v. *Killebrew*, 95 N. C., 19; *Lusk* v. *Clayton*, 70 N. C., 184. As a judgment it would be final and conclusive, both upon plaintiff and defendant. *Keener* v. *Goodson*, 89 N. C., 273. We think, therefore, that the Judge who heard the case below properly construed the order as an agreement to submit the controversy to an arbitrator and make his award a rule of Court. If this be the correct construction, it follows then, as there is no limit imposed upon the power of the arbitrator, that his award cannot be impeached in the absence of anything on the face of it to show that he acted upon an erroneous view of the law. *Keener* v. *Goodson, supra; Miller* v. *Bryan*, 86 N. C., 167; *Long* v. *Fitzgerald*, 97 N. C., 39; Morse on Arb. and Aw., 293 to 297. There is no error. The judgment must be affirmed.

Affirmed.