## W. T. GRIMES v. GEORGE E. BROWN et al.

*Practice—Reference to Arbitration—Notice of Hearing by Referee.*

1. Where a referee was appointed to determine all matters growing out of a copartnership, and by the same order was required as receiver to sell the property, collect the assets and pay out the proceeds according to the rights of the parties as determined by himself as referee, and to report his action to the next term of the Court to be entered as the judgment of the Court, and such order was by consent of parties: *Held*, that such order was a reference to arbitration instead of a reference under *The Code;* and as the findings of fact would be final under the terms of the order, all parties were entitled to the notice of the time and place of hearing.

2. Whether notice was duly given of the time and place of the hearing by a referee, and whether both parties appeared and were present at such hearing (as to which there were conflicting affidavits), was a matter for the decision of the Judge below, in which he might, if he chose, have had the aid of a jury; and where the Judge below made no finding of facts upon the question, but treated the reference as one under *The Code*, and set aside the report and account, refusing to remove the referee: *Held*, that there was error, and the case must be remanded in order that such question may be determined, for upon it depends whether the award of the referee shall stand or be set aside.

This was an appeal by defendant from an order setting aside a report and account, made by *Shuford, J.*, at March Term, 1893, of MARTIN Superior Court.

It will only be necessary to set out the consent decree in the cause made at chambers to reach a proper understanding of the questions involved.

The consent decree was as follows:

"This cause coming on to be heard on motion of plaintiff for the appointment of a receiver of the property described in the complaint, and for an order restraining the defendant

H. Brown from selling the property embraced in the mortgage made to him by the plaintiff and wife, all parties consenting hereto, it is adjudged and considered that H. Brown be and he is hereby appointed receiver herein to take charge and possession of all the property, real and personal, belonging to the late firm of Brown & Grimes, including all money or local accounts due the said copartnership, and assets of every description, and hold the same according to the terms of this order. It is further ordered that the said receiver proceed at once to collect all the notes and accounts due said firm, and that on the 6th of March, 1893, at the court-house door in Williamston, Martin County, the said receiver will sell all the property, both real and personal, belonging to said copartnership, upon the following terms, to-wit, the purchase-price to be paid in cash, less an amount equal to the sum due on the mortgage of Ward and Grimes to the company of Baltimore, Md., which sum shall be secured by note, to be approved by the receiver and payable according to the terms of said mortgage. The said receiver is authorized to operate said mill, if in his opinion the best interests of said firm will be promoted thereby.

"It is further ordered that H. Brown be appointed referee to state the account and determine all matters between said G. E. Brown and the plaintiff, growing out of their copartnership dealings, and to pay out the proceeds of said property and collections according to the rights of the parties, as determined by the said referee. The receiver shall execute deeds to the purchasers for the property sold by him upon the payment of the purchase-money. The receiver and referee shall report his action in the premises to the next term of the Superior Court of Martin County, to be entered as the judgment of the Court in the action. The receiver is required to file bond in the sum of two thousand dollars, to be approved by the Clerk of the Superior Court of Martin

County. The receiver shall advertise said sale at the court-house door and three other public places in Martin County.

GEO. A. SHUFORD,
*Judge Superior Court.*"

*Mr. Jas. E. Moore,* for plaintiff.
*Mr. Don. Gilliam,* for defendants (appellants).

MACRAE, J.: It will be noted that the order appointing a receiver and referee has all of the elements of a submission to arbitration under order of Court. The referee is to determine all matters between said G. E. Brown and the plaintiff, growing out of their copartnership dealings. In the same order he is required, as receiver, to sell the property, collect the assets, and pay out the proceeds according to the rights of the parties as determined by himself as referee. He is to report his action to the next term of the Court, to be entered as the judgment of the Court. The order is by consent of parties, and provides for a final determination and judgment accordingly. It is not unlike the reference in *Gudger* v. *Baird*, 66 N. C., 438, in which the order is in these words: " This case is referred to W. M. Cocke, who shall summon the parties before him and hear the case, and his award shall be a rule of Court." This was held to be a reference to arbitration instead of a reference under *The Code,* the essential difference between which proceedings is pointed out in *Keener* v. *Goodson*, 89 N. C., 273, citing several other authorities. Whether it were a reference by consent under *The Code* or a reference to arbitration, the findings of fact would be final under the terms of this order. But in either case all parties are entitled to notice of the time and place of the hearing. Morse on Arbitration, 116 *et seq.*

It is contended on the one side that notice was duly given, and that both parties appeared and were present at the hearing, and this is strenuously denied on the other, and

many affidavits are filed *pro* and *con.* This is a matter for the decision of the Judge below, in which he may, if he chooses, have the aid of a jury. There is no finding of fact by his Honor upon this question. He treats the reference as under *The Code,* and sets aside the report and account, refusing to remove the referee. We think that in this there was error.

The case must be remanded, in order that the Judge below may find the facts whether the parties were duly notified of the time and place of hearing, or whether they appeared and the case was duly heard before the report of the arbitrator was filed, for upon this question it depends whether the award shall stand or be set aside.

Remanded.