JOHN PATRICK, Adm'r. *v.* WILLIAM JOYNER, Adm'r.

Inasmuch as the Code requires injunctions to be issued at the time of commencing the action or at any time afterwards before final judgment; and as by that Code all civil actions must be commenced by summons: *Held* that an injunction ordered by the Judge upon reading the complaint, coupled with an order at the same time to issue a copy of the complaint, and a summons to the defendant, was irregular and premature, and therefore should be dissolved.

(*Smith* v. *McIlwaine, ante* 73, and *Johnson* v. *Judd, ante* 498, cited and approved.)

MOTION to dissolve an injunction, heard by *Jones, J.,* at Spring Term 1869, of the Superior Court of PITT.

The facts are stated in the Opinion.

His Honor having disallowed the motion, the defendant appealed.

*Johnson,* for the appellant.
*Hilliard, contra.*

RODMAN, J. We regret that we are precluded from considering this case on its merits, by reason of the irregularity of the proceedings. Sec. 70, C. C. P. requires that all civil actions shall be commenced by the issuing of a summons. Sec. 190 says: "The injunction may be granted at the time of commencing the action, or at any time afterwards before judgment," &c. In this case the action was attempted to be commenced, by a writing in the nature of a bill in Equity, sworn to on 26th Nov. 1868, and presented to the District Judge, who on the 30th Nov. 1868, ordered that on the plaintiffs giving bond before the Clerk of Pitt Superior Court "the said Clerk will issue the injunction prayed for, and also a copy of the complaint and affidavit with a summons to the defendant, returnable to the next term of the Superior Court, of Pitt." Thereupon an injunction issued enjoining "from further proceedings, under and by virtue of the judgment referred to in

37

plaintiff's complaint," &c., until further order; and also a summons dated 7th December, 1868, requiring the defendant to appear before the Judge at the next regular Term of Pitt Superior Court. At that time the defendant appeared and moved to dissolve the injunction, which was disallowed, and he appealed. The injunction issued irregularly and prematurely, and the Judge for that reason should have dissolved it, allowing, however, to the plaintiff the liberty of amending it, if he thought it just to do so. Not only was the injunction issued before the action had been commenced, but it was irregular in form, as was explained in *Smith* v. *McIlwaine, ante* 95, and in *Johnson* v. *Judd*, at this Term.

The latter defect, however, was cured or amendable by the Act ratified 1st April, 1869, referred to in that case, but the former was not. The opinion of this Court is that the injunction be dissolved, and the case remanded for such further action by the Superior Court of Pitt, as may be proper. The defendant will recover costs in this Court.

Let this opinion be certified.

PER CURIAM.                    Injunction dissolved.