JOHN KINCADE and ARCHIBALD KINCADE, Ex'rs *v.* JOHN W. CONLEY and wife, and others.

In a suit charging two executors with negligence, in investing in Confederate money, although the proofs show that only one of them was *active* in so doing, yet if there be no allegation in the pleadings, sustained by full proofs, that the other dissented from such investment, he also will, be chargeable with the loss.

(The principle upon which equity interferes to set aside verdicts, &c. in courts of law, and also former decrees in courts of equity, for surprise, &c., stated.)

KINÇADE and KINCADE, Ex'rs. *v.* CONLEY and wife, *et al.*

(That the details of the decree impeached,' are shown upon a second hearing of the original cause, to have been correct, is not a result' in conflict with the decree impeaching it.)

(*Kincade* v. *Conley*, Phil. Eq. 270, and *Conley* v. *Kincade*, Win. Eq. 44, cited and approved.)

BILL IN EQUITY to impeach a former decree, heard by *Mitchell, J.*, upon pleadings and proofs, at Fall Term 1869 of BURKE Court.

The case is the same with that reported, upon an interlocutory point, in Phillips' Equity, p. 270.

A principal question between the parties, was, whether the decree in the former suit (Win. Eq. 44) so far as it charged the present plaintiffs with certain Confederate money received by them officially, should stand.

The opinion here seems to require no statement of facts.

The injunction previously granted (See Phil. Eq. 270) having been dissolved by his Honor in the Court below, (except as regarded the interest of one party) the plaintiffs appealed.

*Folk* and *F. H. Busbee*, for the appellant.

1. The opinion in *Kincade* v. *Conley*, Phil. Eq. 270, decides among others, the following points : That the bill was properly filed, and that the Executors were taken by surprise in the final decree, and that it would be fraud to have it enforced against them.

2. The equity which was sufficient to have the injunction continued, is sufficient, if no new facts appear, to have a new account taken. *Kincade* v. *Conley*, *supra*. The exhibits filed, show, that the reception of the Confederate money, if not caused, as the bill asserts, by the language of one of the Judges, was the *devastavit* of one Executor, and not properly charged against both. *Caldwell's Statement*.

3. The funding of the Confederate money was not a waste. *Cummings* v. *Mebane*, 63 N. C. 315.

*Moore*, *contra*.

Kincade and Kincade, Ex'rs. *v.* Conley and wife, *et al.*

Pearson, C. J. If a plaintiff at law obtains a verdict on false testimony, it is against conscience for him to enforce the judgment. Courts of Equity relieve the defendant by a decree that the plaintiff consent to set aside the verdict and judgment, and have the case tried at law *de novo.* This is the primary equity. An injunction to restrain execution is auxiliary. Whether the bill will be entertained, except upon an allegation, that the witness who swears falsely, has been convicted of perjury, is a point about which the authorities are not agreed.

So, if a plaintiff at law obtains a verdict and judgment by *surprise,* as, if a suit be pending in McDowell Superior Court, and the plaintiff tells the defendant, he need not attend Court, for he will meet him at Buncombe, and arrange the matter, and the plaintiff at McDowell Court presses a trial, and takes a verdict and judgment in the absence of the defendant, a court of equity will relieve, by a decree that the plaintiff consent to set aside the verdict and judgment, and have the case tried *de novo.* This is the primary equity; an injunction issues as ancillary.

So, if a *decree* be obtained in a court of equity, by false testimony, or by *surprise,* the Court will entertain a bill to impeach the decree, and on proof of the allegation, the former decree will be put out of the way, and the matter proceeded in, as if such decree, had not been entered.

This is a bill to impeach a decree as having been obtained by surprise, and it is held, the decree having been obtained in this Court which has no original jurisdiction, that the Court of Equity below has jurisdiction. *Kincade* v. *Conley,* Phil. Eq., 270. It is held further that "from the answer, enough appears to show that the plaintiffs were, under the extraordinary circumstances in which they were placed, taken by surprise, by the final decree in this Court, and that it would be a fraud (on the part of the defendants) to have it enforced." Accordingly the case was sent back to the Court below, to be there heard and determined, as the right of the parties may

be established; treating the final decree in this Court, as put out of the way.

The interlocutory decree declaring the defendant J. W. Conley entitled to a share as administrator of his first wife, was of course to stand: *Conley* v. *Kincade,* Win. Eq. 44.

This brief reference to the principle, on which a bill in the Superior Court was sustained to impeach a decree of this Court, as having been obtained by surprise, is made necessary by reason of the fact, that the statement of the case in the Court below, does not show clearly, that his Honor did fully comprehend the scope of the bill, or the principle on which it rests.

For the plaintiffs it is insisted: His Honor in declaring "there is no ground or accident" ruled in opposition to the decision, when the case was last before this Court, by which it is held, that from the answer it does appear that the plaintiffs were taken by surprise by the final decree, and it would be fraud on the part of the defendants to enforce it.

For the defendants it is insisted: His Honor admitting the surprise, which amounts to fraud, in obtaining the final decree in this Court, heard the case as if that decree was out of the way, and, upon the pleadings and proofs offered before him, declares, as a matter of fact, that there was no fraud in regard to the receipt of Confederate notes by the plaintiffs in payment of ante-war debts, and that the plaintiffs, in receiving Confederate notes, acted in their own wrong, and without the consent or concurrence of the defendants.

It appears, by the transcript of the record, that, by consent, the bill is dismissed as to J. W. Conley. He represented two shares, and bought land at the sale made by the plaintiffs, at the price of some $5000, which he paid in Confederate notes, and could not, in conscience, demand payment in other funds. So the case is relieved from much complication, by the withdrawal of all claim on his part.

It also appears by the transcript, that at August term

1867, on the filing of the certificate from the Supreme Court, "replication and commission," was entered, and at Spring Term 1868, "the cause is set for hearing, and, by consent, the parties are allowed to take testimony during the term."

The statement of Tod. R. Caldwell, Esq., is filed by the defendants, and by it, the allegation of the plaintiffs, that they had received Confederate notes by the consent and approval of the defendants, other than J. W. Conley, is disproved, and it is established that they acted in their own wrong. The plaintiffs offer no proofs.

The transcript further shows, that the cause was heard upon bill, answers, exhibits, proofs, and argument of counsel on both sides.

So we are led to the conclusion, that, as to the defendant, J. W. Conley, the plaintiffs failed to establish the allegations of the bill; that the cause was heard upon the merits; and that his Honor declares there was no fraud or accident as alleged, not in regard to the matter of surprise, on account of which the decree in this Court had been put out of the way, but because, in a fair showing, the plaintiffs could not prove, that they had been induced to receive Confederate notes, or to invest in Confederate funds, by the advice and concurrence of the parties, who were then holding them to account.

This view is confirmed by the fact, that, in regard to the share of Isabella Boon, the injunction is continued, and a reference made as to what amounts, if any, have been paid to her administrator or heirs, before or since the decree of the Superior Court.

The point, suggested on the argument, that, as it was not proved that Archibald Kincade received the Confederate notes, he ought not to be charged by the decree, cannot be acted on. There is no allegation in the pleadings and proof, that he did not receive Confederate notes, or concur with his co-executor, in the Confederate funds: proof, without

allegation, is as unavailing as allegation without proof. In judicial proceedings, there must be "*allegata et probata.*"

We see no error. Decree affirmed. This will be certified.

PER CURIAM.                     No Error.