DANIEL McARTHUR and others *v.* JOHN C. McEACHIN and others.

An injunction granted before the issuing of a summons in the action, is premature and irregular.

Writs of summons in civil actions must (by the act of 1868--9, c. 76) be issued by a Clerk, and made returnable in Term time.

A *prosecution bond* executed where no summons is issued, is inoperative, and therefore if an *injunction bond* have been executed in such case, judgment for the costs of the defendant, may well be given against the parties thereto.

(*Patrick* v *Joyner*, 63 N. C. R. 573, cited and approved.)

ACTION for an injunction, against opening a public road, before *Russell, J.,* at Chambers, for ROBESON County, September 23d 1869, on a motion to continue a previous *order.*

The complaint had been filed in the office of the Clerk of Robeson County, September 3d 1869. Having been exhibited to *Russell, J.,* at Chambers in Elizabethtown, on the 8th of September, he granted an order of restraint, coupled with an order to the Clerk of Robeson County to issue copies of the order of restraint and complaint, and also a summons to the defendants, to appear before him at White-

ville in Columbus County, and show cause why an injunction should not be granted, &c.

A prosecution bond was executed, and filed September 1st 1869, and an injunction bond, September 9th 1869.

The defendants appeared in accordance with the order, and showed for cause :

1. That they had not been made parties to the action in which the injunction is prayed, and no such summons as is required, had been served upon them.

2. That no case for an injunction, appeared on the face of the complaint, &c.

Thereupon his Honor declined to order an injunction, and gave judgment against the parties to the injunction bond for costs.

The plaintiff appealed.

*No counsel* for the appellant.

*W. L. McKay and N. A. McLean, contra.*

DICK, J.   The proceedings in this case were not properly commenced by the issuing of a summons, and the injunction was premature and irregular, and was properly vacated : *Patrick* v. *Joyner*, 63 N. C. R. 573.   The summons which his Honor ordered to be issued returnable before him in Columbus County, was not sufficient to constitute the leading process in the action.   The summons to commence a civil action, must be issued by a Clerk of a Superior Court at the request of the plaintiff, returnable to the next term of the proper court : Acts 1868--9, ch. 76. His Honor acted properly in giving judgment for costs upon the injunction bond, as the costs were incurred in that proceeding, and are provided for in the condition of said bond.

A prosecution bond is required to be given by the plaintiff upon the issuing of a summons, and its purpose is to secure to the defendant all such costs as he shall recover of the plaintiff in the action : C. C. P. sec. 71.

As no summons was issued proper to commence an action in this case, the filing of the prosecution bond was premature and inoperative, and no judgment can be given upon it.

There is no error, and the judgment in the court below is affirmed, with costs. Let this be certified.

