SAMUEL HIRSH *v.* J. D. WHITEHEAD & CO. *et al.*

An injunction taken out before issuing any summons is irregular, and will be vacated upon motion.

To entitle a party to maintain an action for *claim and delivery* of personal property, there must be a compliance with all the requisites specified in Chap. II of Title 9, C. C. P.

Injunction heard before *Clarke, J.,* at Chambers, April 27th, 1861.

The facts of this case sufficiently appear in the opinion of the Court.

*Phillips & Merrimon* and *Seymour,* for plaintiff.
*Faircloth* and *Bragg & Strong,* for defendants.

RODMAN, J. The defendants recovered before a Justice of the Peace, of Wayne County, on 5th April, 1871, a judgment against Samuel Cohen, upon which an execution issued, which was levied by one Wood, a Constable, upon a certain stock of goods.

Hirsh, on the 11th of April, without having issued any summons or filed any complaint on affidavit, setting forth that the goods in question, belonged to him by virtue of a mortgage made to him by said Cohen, and that Whitehead & Co., were non-residents of the State, and that Wood was insolvent, applied to the Judge of the third Judicial District for an injunction to restrain the said Wood from selling the goods levied on by him as aforesaid. Whereupon the Judge ordered the defendants " to refrain from selling or otherwise disposing of the property mentioned in the said complaint, or from interfering with the same in any manner, until," &c. : and to appear on 27th April, and show cause, &c.

On the 27th of April, the parties appeared : and the Judge

thereupon ordered : " that an injunction issue, restraining the defendants from interfering with the property of the said plaintiff ; and that any of his said property seized by said defendants, or any of them, be returned to said plaintiff, on his entering into a written undertaking," &c.

From this order the defendants appealed to this Court.

It has several times been decided in this Court, that an injunction, granted before the issuing of a summons, is irregular. *McArthur* v. *McEachin*, 64 N. C. 72. The error of the Judge in this respect needs no comment.

Upon this ground alone, the injunction ordered by his Honor, must be vacated.

But there is a much more serious objection to the order of his Honor. If the plaintiff had any just claim to the property, it could only be prosecuted under sections, 176 to 187 C. C. P., section 177 requires that, " when a delivery is claimed by a plaintiff, an affidavit must be made before the Clerk of the Court, &c., showing :"

" That the same (the property) has not been taken for a tax, assessment or fine, pursuant to a statute ; *or seized under an execution*, or attachment against the property of the plaintiff ; or if so seized, that it is by statute exempt from such seizure ;" and,

" The actual value of the property."

None of these requisites were complied with in the affidavit upon which his Honor acted. By the order which his Honor makes, he takes out of the custody of the law, property which it appeared had been seized under execution, and transfers it to the possession of the plaintiff, who claimed title under a deed, which if not absolutely void for fraud upon its face, bears with it marks of suspicion, enough to have put him on his guard. We forbear to say more.

The order appealed from is reversed, and it is ordered that the plaintiff restore to M. Wood, the Constable, the property put in the possession of the plaintiff, (Hirsh,) by force or color

of the order of the Judge, made the 27th April, 1871, to be held and. dealt with by said constable according to law.

The defendants will recover costs in this Court.

PER CURIAM.                          Judgment reversed.