## S. B. ALEXANDER *vs.* COMMISSIONERS OF McDOWELL.

If a note be made payable at a particular time and place, a demand at the time and place need not be averred and proved in an action by the holder against the maker. It is otherwise, if it is payable on *demand* at a particular time and place.

In an action, however, against the Board of Commissioners of a County a demand is necessary, without regard to the fact whether the claim is expressed to be payable at any particular time or place, and in a *mandamus*, "the writ should show expressly, by the averment of a demand and refusal, or an equivalent, that the prosecutor, before his application to the Court, did all in his power to obtain redress."

It would seem that in an action against the Commissioners of a County, the action should be brought in the County in which they are officers, C. C. P., sec. 67.

[*Nichols* v. *Pool,* 2 Jones 23; *Love* v. *Commissioners of Chatham,* 64 N. C. 706, cited and approved.]

This was a petition for a writ of mandamus against the County Commissioners of McDowell County, filed on the 18th day of October, 1870, and heard before *Henry, J.,* at a Special Term, of MECKLENBURG Superior Court.

The following facts were agreed upon :

That the suit was brought to compel the Commissioners of McDowell County to levy a tax, for the payment of interest due upon bonds issued by the County Court, under authority of an act of the General Assembly, entitled an act, amendatory of an act, incorporating the Western North Carolina Railroad Company.

2d. That said bonds were signed, but not delivered to the railroad company until after the war, and when the county courts had ceased.

3d. That a tax had not been levied to pay the interest.

4th. That no demand for payment of interest had been made before bringing this suit.

5th. That the coupons or interest is made payable at Marion, McDowell, County.

Defendants' counsel insisted that the act of Assembly under which the bonds were issued was unconstitutional.

That the bonds having been issued after the authority of the County Courts ceased were invalid.

That the Commissioners had no authority to levy a tax.

That a demand was necessary.

His Honor gave judgment for the plaintiff and directed a peremptory mandamus to issue.

*Jones & Johnston*, for plaintiff.
*J. H. Wilson*, for defendants.

READE, J. 1. As to whether a demand was necessary before action ?

In *Nichols* v. *Pool*, 2 Jones 23, which is the leading case in our Court upon the subject, it is decided, that if a note be payable at a particular time and place, a demand at the time and place need not be averred or poved in an action by the holder against the maker. It is otherwise if the note be payable *on demand* at a particular time and place.

In our case, it is stated that the notes and coupons were payable at Marion; but it is not stated that they were payable *on demand* at Marion. It would seem, therefore, that if this were an ordinary action between individuals, no demand would be necessary against the maker. This brings us to the question whether we should hold the same in regard to actions against the Board of County Commissioners. In *Love* v. *Comms. of Chatham*, 64 N. C. R. 706, it is decided that a demand is necessary, before action brought, without regard to the fact whether the claim is expressed to be payable at any particular time or place. There is a manifest reason why the rule should be different between an individual and the Board of Commissioners. An individual acts for himself, is supposed to know all

his liabilities, and it is his duty to meet them. But a Board of Commissioners is a public agent, discharging many of its duties through other agents. There must often be claims against the county, contracted not under its immediate order, of which it knows nothing until they are presented to the Board to be allowed, and when claims are allowed, the Board does not hold the funds to pay them, but must give an order upon the proper officer. And it would greatly embarrass, if not destroy, the county governments, if every holder of a claim could sue the Board without a demand or notice. We are therefore of the opinion that a demand or notice is necessary before action against the Board of Commissioners.

2. But suppose this were not so ; still the question remains, whether a mandamus should issue without a demand upon the defendant to do the thing required. We find it laid down generally, that " it should appear from the petition, that a demand has been made on the defendant to do the thing he is sought to be compelled to do." *Moses on Mandamus*, 204. And again : "In order to lay the foundation for issuing a writ of mandamus, there must have been a refusal to do that which it is the object of the mandamus to enforce, either in direct terms or by circumstances distinctly showing an intention in the party not to do the thing required." *Ibid.* 18. And again : " The writ should show expressly, by the averment of a demand and refusal, or an equivalent, that the prosecutor, before his application to the Court, did all in his power to obtain redress." *Tappan on Mandamus*, 323. It is true that there are cases where a demand is dispensed with, as where it is apparent that the party has wholly neglected a plain duty. *Moses on Mandamus*, 103.

3. The act of the Legislature authorizing the issuing of the bonds is not unconstitutional, as we have decided in like cases at this term. *Hill* v. *the Comms. of Forsythe,* and *Alexander* v. *A., T. & O. R. R. Co.*

4. No point is made upon it, and it may be that the objec-

tion is waived by appearing and answering, but, we call attention to the fact that the action is brought in Mecklenburg against the Board of Commissioners of McDowell County, whereas it would seem that the action ought to have been in the latter county. C. C. P., S. 67.

There is error in his Honor's ruling that no demand was necessary, and for this error there must be a *venire de novo*.

PER CURIAM.                                        *Venire de novo.*