## C. DOWD, Adm'r. *v.* THE N. C. RAILROAD COMPANY.

The value of a note, payable on the 1st day of January, 1866, in Confederate money, given for the hire of slaves for the year 1865, is the value of such hire for the term of hiring, although the slaves were emancipated during the time. Such contract bears interest from 1st. day of January, 1866.

(*Woodfin* v. *Sluder*, Phil. Rep, 200: *Alexander* v. *Commissioners of McDowell Co.*, 67 N. C. Rep. 330; *Nichols* v. *Pool*, 2 Jones 23, cited and approved.

Civil action, to recover of defendants certain notes, tried at the July (Special) Term, 1873, of the Superior Court of Mecklenburg, before his Honor, *Judge Moore.*

The following is one of the notes, (the other being similar,) upon which this action is founded:

"No. 23.      OFFICE OF THE N. C. RAILROAD COMPANY,
              COMPANY SHOPS, January, 1st, 1865.

On the first day of January, 1866, the North Carolina Railroad Company promises to pay to Dr. R. C. Jenkins, or order, three thousand six hundred dollars, for hire of the following hands, to wit: Stout, Jerry, John and Horace, for the year 1865; and the said Railroad Company agrees to furnish to each of said hands the usual clothing to hired hands—two pair of shoes, one hat, one blanket, or substitutes, payable in Confederate money, without interest, at the Company's office.

Witness the hand and seal of the President of the Company $3,600.                    THOS. WEBB, President. [Seal.]

The defendant does not deny the execution of the note, but in the answer alleges a willingness and ability to pay according to its tenor—at the office of the Company in Confederate money.

The jury rendered a verdict in favor of the plaintiff for $1,162, of which $800 was principal, under the charge of the Court, that he was entitled to recover the value of the services of the slaves for the term of hiring. Defendant moved for a new trial; motion refused. Judgment and appeal by defendant.

*Wilson & Son* and *R. Barringer,* for appellant.
*Vance* and *Burwell* and *Dowd,* contra.

READE, J. If Confederate money had been in existence as a circulating medium 1st of January, 1866, when the note matured, the defendant had the privilege of paying it off in that currency, by the very terms of the note itself.

As there was no such currency when the note matured, if the consideration had been Confederate money loaned, then the plaintiff would have been entitled to recover the value of the Confederate money at the date of the contract, viz: at the date of the note. As the consideration was not Confederate money, but was for the hire of slaves for the year 1865, viz:

a thing or property, then the value of the property at the time of the contract is the standard; or, to use the language of the statute, " the value of the contract in present currency is the standard." That must be understood to mean in this case the value of the hire of the slaves for the term of hiring, viz: during the year 1865, and this although the slaves were emancipated in the meantime. *Woodfin* v. *Sluder*, Phil. Rep. 200.

The other points are not material. It was not necessary that the plaintiff should have demanded payment at the defendant's *office*, because if any demand would have been necessary under any circumstances, here the case shows that it would have amounted to nothing, for the defendant insisted then, and insists now, that he had the right to pay the bond in Confederate money, which was worthless; and he now brings the Confederate money into Court, which he says he set apart and has always kept for that purpose—showing that a demand would have been useless. And furthermore, if a note be payable at a particular time and place, a demand at the time and place need not be averred or proved. It is otherwise if it be payable *on demand* at a particular time and place. *Alexander* v. *Commissioners of McDowell*, 67 N. C. R. 330; *Nichols* v. *Pool*, 2 Jones R. 23.

Interest is to be calculated on the value of the contract from 1st January, 1866, when the note matured.

No error.

Per Curiam.                    Judgment affirmed.