J. B. TREXLER and wife v. A. H. NEWSOM and wife.

*Injunction—Motion in the Cause—Practice.*

1. An injunction granted before the issuing of the summons in the action is premature.

2. A motion in the cause will not lie where the proceeding shows there were two separate judgments constituting distinct causes of action, as it cannot be seen to which the motion is applicable.

(*Patrick* v. *Joyner*, 63 N. C., 573; *McArthur* v. *McEachin*, 64 N. C., 72; *Hirsh* v. *Whitehead*, 65 N. C., 516, cited and approved).

MOTION to dissolve an injunction, in an action pending in ROWAN Superior Court, heard at Chambers in Lexington on the 15th of March, 1883, before *Graves, J.*

In 1875 the defendants obtained two judgments against the plaintiffs before a justice of the peace, one for the sum of $73.49 and costs, upon a claim assigned to them by J. & D. Trexler, and the other for the sum of $39.45 and costs, upon a claim assigned to them by one Hodge. These judgments the defendants caused to be docketed in the superior court on the 3d day of December, 1871, having first had them revived in the justice's court. Executions have been issued thereon, and under

them the sheriff is threatening to sell certain lands which they say are not subject to be sold, as they are the separate property of the *feme* plaintiff, and thereupon they made application to Judge Gilmer, at Chambers, on the 23d day of February, 1883, for an injunction restraining said sale. .Notice issued to the defendants to show cause why the injunction should not be granted, which notice was made returnable before Judge Graves, at Chambers in Lexington, on the 15th day of March following, and in the meantime the defendants were restrained from selling the premises.

At the time the application was made to Judge Gilmer no summons had been issued in the cause, though one was issued and served four days thereafter.

Judge Graves refused the injunction and vacated the restraining order upon the ground that at the date of the first application there was no summons and consequently no action pending between the parties, from which the plaintiffs appealed.

*Messrs. McCorkle & Kluttz,* for plaintiffs.
*Mr. John S. Henderson,* for defendants.

RUFFIN, J.   Besides the express provision of the statute (C. C. P., § 190) that an injunction can only be granted at the commencement of the action, or sometime thereafter, there are several adjudications directly in point and fully sustaining the ruling of the judge.   *Patrick* v. *Joyner,* 63 N. C., 573 ; *McArthur* v. *McEachin,* 64 N. C., 72 ; *Hirsh* v. *Whitehead,* 65 N. C., 516.

There are several reasons why we cannot adopt the suggestion of counsel and treat this proceeding as a motion in the cause, and amongst them the insuperable one growing out of the fact that there are two judgments, and therefore two distinct causes pending and but one proceeding, and we cannot tell to which it should be applied.

In the opinion of this court the injunction was properly refused, and the judgment is therefore affirmed.

No Error. Affirmed.