JESSE B. GRANT v. EDWARDS & DELOATCH.

## *Injunction.*

An injunction granted before the issuing of a summons in the action is premature.

(*Kincaid* v. *Conly*, Phil. Eq., 270, and 64 N. C., 387 ; *Trexler* v. *Newsom*, 88 N. C., 13, and cases cited, approved).

APPEAL from an order made at Chambers, on the 27th of November, 1882, by *McKoy, J.*

The plaintiff appealed.

*Mr. R. B. Peebles*, for plaintiff.
No counsel for defendant.

SMITH, C. J. Upon the rendition of final judgment in this cause, at February term, 1882 (86 N. C., 513), defendant, James J. Deloatch, without instituting a new action by the issuing of a summons to impeach the judgment for fraud practiced by the plaintiff, applied to the judge holding the superior court at Northampton, and obtained from him a restraining order, to operate until his motion for an injunction could be heard, of the time and place for which due notice was given. This order was made upon an affidavit offered and acted upon at chambers, wherein there are numerous allegations intended to show unfairness and fraud in the plaintiff, whereby the defendant was misled and deceived, and making no resistance himself to the action, committed the defense to the principal defendant, Edwards.

The notice of the application for an injunction having been served, the motion was allowed and the order granted to continue until the hearing of the cause, then supposed to be depending in an impeaching suit at the instance of the complaining defendant.

Such a suit for such alleged cause could have been brought in the superior court of Northampton, under the authority of the

case of *Kincaid* v. *Conly*, Phil. Eq., 270, and 64 N. C., 387, and it is manifest from the form of the interlocutory judgment, and in the absence of any direct opposition to its being made, that the judge acted under the impression that a new and original action for relief had been begun, to which the restraining order was merely auxiliary. The plaintiff appealed, and this unusual proceeding is before us, which is in substance an intervention in a cause, finally disposed of in this court, to prevent the plaintiff from reaping the fruits of his judgment.

The interlocutory judgment, as preliminary to a suit contemplated, but not begun, is wholly unwarranted, and directly repugnant to previous rulings. *Patrick* v. *Joyner*, 63 N. C., 573 ; *McArthur* v. *McEachin*, 64 N. C., 72 ; *Hirsh* v. *White-head*, '65 N. C., 516 ; *Trexler* v. *Newsom*, 88 N. C., 13. There is error, and the judgment must be reversed.

Error.                                                  Reversed.