ISAAC FLEMING v. T. J. PATTERSON.

*Contempt—Injunction—Jurisdiction—When Action is Commenced—Summons.*

1. The jurisdiction to issue injunctions and restraining orders may be exercised at any time after the commencement of the action and before judgment.
2. The issuing of the summons is the commencement of the action; and it is not necessary that it shall be served before the injunction or restraining order is made.
3. One, who willfully disobeys an injunction or restraining order, is guilty of contempt, though the summons in the action may not have been served upon him.

This was an APPEAL from an order of *Graves, J.,* adjudging the defendant to be in contempt, for disobedience of a restraining order made in this cause, pending in the Superior Court of BURKE County. The facts are stated in the opinion.

*Messrs. Perkins* and *C. H. Armfield,* for plaintiff.
*Mr. Isaac T. Avery* (by brief), for defendant.

MERRIMON, J. The following is a copy of the order appealed from, and as to which error is assigned :

" The plaintiff having issued a summons, which had not

been served at the time, obtained an order restraining the defendant from closing a certain alleged way, over which the plaintiff claims the right to pass. The plaintiff moved, on notice, at Burnsville, to attach the defendant. The motion was then continued to Marion, to be heard on the 11th of. May, and was on that day continued to Morganton; and now at Chambers at Morganton, the parties appear and the motion to attach the defendant for contempt of Court, in refusing to obey the restraining order heretofore made, is heard. The defendant objects, that as no summons has yet been served on him, he is not before the Court so as to be attached. The objection was overruled; and the matter being now heard on the affidavits of the plaintiff and defendant, it appears that the defendant has, in disobedience to the order of the Court, closed up the said way in the restraining order described.

It is therefore considered that defendant is guilty of a contempt in such disobedience, and that he pay a fine of fifty dollars."

Regularly, every civil action must be begun by a summons, and such an action is begun when a summons is issued as original process. *The Code*, § 199; *Patrick* v. *Joyner*, 63 N. C., 573; *McArthur* v. *McEachin*, 64 N. C., 72. A party may, however, waive the original process, by appearing in the action and making defence, as if he had been served with such process. *Moore* v. *The Railroad Company*, 67 N. C., 209; *Middleton* v. *Duffy*, 73 N. C., 72; *Etheridge* v. *Woodley*, 83 N. C., 11.

The statute (*The Code*, § 335,) provides that "the Judges of the Superior Courts of this State shall have jurisdiction to grant injunctions and issue restraining orders in all civil actions and proceedings which are authorized by law." The jurisdiction thus conferred is very general and comprehensive, and may be exercised at any time after the action or proceeding is begun, as above indicated, in the course of

the action, or summarily at Chambers, as occasion may require. The statute (*The Code*, § 339,) further provides, that "the injunction may be granted *at the time of commencing the action,* or at any time afterwards before judgment," &c.,—that is, *at the time the summons is issued.* The purpose of this provision is to require that such jurisdiction shall be exercised in an action or proceeding certainly begun, but not to delay the exercise of such authority until the defendant in the action shall be served with original process. It is sometimes very important, in order to meet the ends of justice, that a restraining order shall be issued, or an injunction granted, without notice to the opposite party, at the time the summons is issued and before it is or can be served. The nature of the relief sought by injunction in many cases implies such exercise of authority, the statute plainly contemplates and allows it, and it is common practice to grant such relief.

It is not the *service* of original process that gives force and effect to the injunction—these spring out of and are founded in the authority of the Judge to grant it, and the party against whom it is directed is bound to observe its commands—he disregards them at his peril. The injunction is itself process, and notice of it to the defendant is sufficient to give it efficacy.

The summons having been issued in this case, the action was begun and the Judge had authority to grant the injunction by order. The objection of the appellant, that the summons had not been served upon him, and therefore he was not before the Judge, has no force whatever. The injunction and notice of it to him gave the Judge jurisdiction of him, as to it and its purposes in the action begun. He was bound to observe its commands while it continued in force; he ventured to disregard and disobey them, and was therefore guilty of contempt of Court. The Judge clearly

had authority to so declare and enforce his order by the process of attachment.

The Court had jurisdiction of the appellant and the subject-matter of the action as the same appeared from the affidavits. Therefore the order granting the injunction, though it may have been erroneous, was not void, and continued in force until it should be dissolved, unless it should be corrected by appeal to this Court, and such appeal would not have the effect to dissolve it or impair its force pending the appeal. *Green* v. *Griffin*, 95 N. C., 50.

There is no error and the judgment must be affirmed.

Affirmed.