H. R. HORNE v. COMMISSIONERS OF CUMBERLAND COUNTY.

(Decided March 29, 1898).

*Injunction—Summons—Mandamus—Demand and Refusal—Practice.*

1. An injunction cannot issue unless a summons has been issued returnable to the Superior Court of the County in which the action is brought.

2. A proceeding in mandamus may be returnable before a judge at Chambers but it cannot be sustained unless a demand has been made for the relief sought followed by a refusal or what is equivalent to a refusal.

PROCEEDING for a mandamus and injunction in CUMBERLAND Superior Court, brought on the 13th day of August, 1897, by summons returnable at CHAMBERS at Carthage, N. C., before *McIver, J.* The facts appear in the opinion. On the hearing the defendants entered a special appearance and moved to dismiss the proceeding in so far as it demanded an injunction for the reason that there was no sufficient summons. They also demurred *ore tenus* to the petition for that it contained no averment of a demand for and refusal of the relief sought. His Honor refused to dismiss and overruled the demurrer and rendered judgment as follows:

"This cause coming on to be heard at Chambers at Carthage, on 25th of August, 1897, by consent of plaintiff and defendants, upon the motion of plaintiff, the verified complaint having been served on defendants ten days previous thereto, the complaint and answer being used as affidavits, together with various other affidavits and exhibits, the Court finds that discharging garbage and sewerage matter from the jail and Court House of

Cumberland County, into the town sewer on Donaldson Street in Fayetteville, North Carolina, through which it flows into the McNeill mill pond, is a public nuisance against the health of the citizens, which the defendants may be required to discontinue and abate, and the Court is of the opinion that the plaintiff is entitled to the relief prayed for, but the Court being further of opinion that it would not be advisable to abate said nuisance during the warm season (as shown by the health authorities of the town of Fayetteville) by the digging of trenches through the streets, and doing other work necessary in the construction of the proposed sewer, and that the same cannot be done during the warm season with reasonable safety to the health of the citizens along the route of said sewer; the Court doth, therefore, order, adjudge and decree that the defendants be required to discontinue and abate said nuisance by constructing a sewer to carry the garbage and all sewer matter from the Court House and jail of Cumberland County into the creek below or back of the cemetery of said town as proposed or to such place or point as may be approved by the Board of Health, and the defendants, their servants, agents and all officers and employees are enjoined and commanded to discontinue the use of the city sewer on Donaldson street, or any other sewer in said city for the purpose of carrying off garbage or sewerage matter to be discharged into the Creek at any point above the cemetery or end of the sewer as above contemplated.

The defendants shall not be required to commence work under this order before the first day of October, 1897, and that portion of this order enjoining the further use of the Donaldson Street sewer or other city sewer shall not be operative until the 10th day of November,

1897." The costs were taxed against the defendants. The defendants excepted and appealed.

*Messrs. N. W. Ray* and *H. McD. Robinson* for plaintiff.

*Messrs. MacRae & Day* and *W. E. Murchison* and *N. A. Sinclair*, for defendants (appellants).

FURCHES, J.: To us, this is a most remarkable proceeding in more than one respect. The defendants are the commissioners of Cumberland County and the plaintiff is a citizen and tax payer of the town of Fayetteville in said County. The plaintiff complains and alleges that the defendants have created a nuisance, dangerous to the health of the town, by emptying sewerage from the court house and public jail into McNeill's mill pond near the centre of the town, and alleges that it should be emptied into the creek some distance below said mill pond. And for the purpose of having the alleged nuisance abated, and to have the sewerage emptied into said creek at the point indicated, he commenced this proceeding on the 13th of August, 1897.

The proceeding was commenced by issuing a summons returnable before Judge McIver at Carthage in Moore county on the 25th day of August, 1897. This proceeding was commenced without having made any demand on the commissioners; and on the return day the defendants demurred *ore tenus* to the plaintiff's action upon the ground that no demand had been made. But the Court overruled the demurrer and proceeded to hear the case, to find the facts and pronounce judgment.

No other summons was ever issued in the case except the one returnable before Judge McIver as above stated.

The defendants filed affidavits denying many of the allegations in the plaintiff's affidavit, but admitted that the sewerage did empty into the mill pond of the said McNeill. But they also alleged that they had made every effort to procure a right of way to construct a line of sewerage from the court house and jail to said creek at the point designated by the plaintiff in his affidavit, and were unable to do so. That not being able to purchase or procure said right of way so as to enable them to construct the sewer, they procured an Act of the General Assembly to be passed at its session in 1897, authorizing them to condemn this right of way; that they had employed a competent engineer to survey, locate and grade this right of way, as they were authorized to do by said Act; and that they had made every arrangement to construct the same as soon as the season would permit them to do so with safety to the health of the town, which would not be until fall. And at the trial before Judge McIver, the *plaintiff* offered affidavits of local physicians saying that it would not be safe to do it until the fall. And Judge McIver, under this state of facts, while he ordered that the defendants should make the sewer, provided that they should not be required to do so before the first of October, 1897.

The defendants appealed from this judgment of Judge McIver to this Court, but have built the sewer within a few feet of the court house. And the plaintiff has filed affidavits here for the purpose of showing that said sewer *has been constructed*, upon which he bases a motion to dismiss the defendant's appeal on the ground that there is nothing involved now, except costs. In reply to plaintiff's affidavits, defendants file affidavits to show that said sewer *is not complete*. This raises a question of dispute between the parties that we do not

propose to settle, but will consider the case as it stood at the time of the trial and appeal.

The case presents some very striking features. The plaintiff commences what he claims here, to be a mandamus proceeding, on the 13th of August, to compel the defendants to do what he says they should *not do* until October. And defendants say they were using every effort to do the very thing that the plaintiff says they *should do* at as early a date as it was safe for them to do it; that not being able to get the right of way they had procured an Act of Assembly to be passed in order that they might do what the plaintiff says he wants done. It was contended, as we have said, by the plaintiff's counsel on the argument here, that this is a proceeding in mandamus. The plaintiff in his complaint styles it an "application for injunction and mandamus." The matter complained of was a public nuisance and the remedy for this was an injunction. And while there were other prayers falling under the doctrine of mandamus, they seem to us to be but incidents to the injunctive relief. But to treat it either as an injunction proceeding, or as a mandamus proceeding, or as both, the proceeding must be dismissed.

If it is treated as an injunction, it cannot be sustained as no summons was ever issued returnable to the Superior Court of Cumberland county. And no injunction could be issued until this was done. *Code*, Section 339; *Patrick* v. *Jayner*, 63 N. C., 573; *Trexler* v. *Newsome*, 88 N. C., 13; *Grant* v. *Edwards*, 90 N. C., 31.

If it is treated as a mandamus, it cannot be sustained for the reason that there was no demand and refusal. And the defendants alleged they were doing everything they could to accomplish the very thing the plaintiff asked that they should be *commanded* to do. A pro-

ceeding in mandamus, in a case like this, may be made returnable before the Judge at chambers. *Code*, Section 623. But it cannot be sustained without demand and refusal or what is equivalent to a refusal. *Alexander v. Commissioners of McDowell County*, 67 N. C., 330; High on Extraordinary Remedies, Section 41; *Commissioners v. Commissioners*, 37 Pa. St. Rep., 237.

This seems to us to have been a very unnecessary litigation. For the reasons given it cannot be sustained and the judgment of the Court below is reversed.

Reversed.