ANTHONY S. DAVIS AND WIFE v. CHAMPION FIBER COMPANY ET AL.

(Filed 22 December, 1908.)

1. Injunction—Contempt—Evidence—Findings Sufficient.

A finding by the judge below that, after the issuance and service of an order restraining defendant, its agents and employees from cutting and carrying away timber trees from the *locus in quo*, it and its superintendent, under advice of counsel, have arbitrarily undertaken to locate disputed boundaries to suit their own purposes, and have willfully and intentionally continued to cut and carry away timber trees upon the lands in dispute and embraced in the restraining order, is sufficient to sustain a judgment for contempt of court.

2. Injunction—Description—Sufficiently Definite—Contempt.

A preliminary order restraining defendant from cutting and carrying away timber trees beyond a disputed line claimed by plaintiff is sufficiently definite to authorize a judgment for contempt, when the description of the land set forth in the complaint, the wrong complained of and the evidence, taken in connection with the order, tended strongly to establish that defendant

and its agent were fully aware of the location of the land in dispute, and fully informed of the placing of the line contended for by plaintiff.

**3. Injunction—Description—Definiteness.**

There is no particular form required for a restraining order, and it is sufficiently definite if it informs the party of the matters or things he is therein restrained from doing.

MOTION for attachment for contempt in violation of a restraining order issued in the cause, heard before *Peebles, J.,* at Webster, N. C., on 17 October, 1908.

On the hearing the court found that a preliminary restraining order, commanding the defendant, the Champion Fiber Company, its agents and employees, and all persons acting for it, from cutting timber on certain tracts of land claimed by plaintiffs and fully set forth and described, had been duly served and had been thereafter willfully violated by said defendant and Harry Rotha, its agent and employee, superintendent of the woods department, and adjudged the defendants guilty of contempt and imposed a fine on them for such misconduct. The parties affected excepted and appealed from the judgment.

*Walter E. Moore* and *Moore & Rollins* for plaintiffs.
*George H. Smathers* for defendants.

HOKE, J. It appears from the evidence in the cause that plaintiffs owned a large body of land in the county of Jackson, containing several thousand acres, and defendants owned a body of land adjoining thereto; that plaintiffs claimed that the true line of division between the tracts at the point chiefly in controversy was that established or found in a survey by one John H. Smith and called and referred to as the "Smith line," while defendants claimed that the correct divisional line between the parties was further south and according to a survey made by W. H. Hargrove and termed and referred to as the "Cook and Hargrove line"; that the timber in question was between these two lines, and defendants were engaged in cutting and removing the same when they were notified by plaintiffs that they were trespassing on plaintiffs' land, according to the lines claimed by them. The parties having conferred about the matter and

failed to agree, the plaintiffs instituted their action and filed their complaint, in which they fully set forth and described their lands, referring to the grants under which they derived title, alleging that defendants were unlawfully and wrongfully trespassing upon their lands and cutting and removing the timber therefrom. A preliminary restraining order was thereupon issued and served on defendants, as stated, restraining defendants, their agents and employees "from cutting, felling or removing any of the timber trees and woods standing, growing and being upon the lands set forth and described in plaintiff's said complaint, and from doing further waste, destruction or trespass upon said land or any part thereof, and from removing, carrying away or shipping any logs, bark or lumber taken from said land, wherever the same may be." It was further made to appear that defendants, their agents and employees, and of these particularly Harry Rotha, paid no attention whatever to the order of the court, but continued to cut and remove the timber between the disputed lines, just as they had been doing before the order was served, and made no change in their conduct in this respect until the question of their being in contempt was raised at the hearing.

The court finds, and there was ample evidence to sustain the finding, as follows: "I find that since the restraining order made as aforesaid was duly served upon the said Champion Fiber Company it and its superintendent of the woods department, Harry Rotha, under the advice of counsel, have undertaken to arbitrarily locate the Cathcart line to suit their own purposes, and have willfully and intentionally continued to cut and carry away timber trees situate and being on the land claimed by plaintiffs and embraced in the restraining order, just as they were doing before the issuing of said order." And on this finding we are of opinion that the defendants were properly adjudged guilty of contempt.

It is contended that the preliminary restraining order is not sufficiently definite in its terms to authorize the judgment, but we cannot take that view of the order when considered in connection with the evidence in the case and the findings of the judge

thereon. The description of the land was fully set forth in the complaint by metes and bounds. The allegations in the complaint that the "defendants had wrongfully entered and trespassed upon said lands," by fair and reasonable intendment could only refer to the location as claimed by plaintiffs. The acts prohibited were clearly defined and stated, and the evidence tended strongly to establish that defendant and its agents were fully aware of the location of the land in dispute and were fully informed of the placing of this "Smith line," which plaintiffs claimed to be the true dividing line between the tracts. In 10 Ency. Pl. and Pr., 1021, it is said in reference to the form of a restraining order, that "No particular form is necessary; it is essential only that the defendants shall be given authentic notification of the mandate of the court or judge, which the defendant must obey at his peril." And in Beach on Injunctions, sec. 251, it is said that "An injunction order must be obeyed in its spirit as well as its letter. The party enjoined must not do the thing forbidden, nor permit it to be done, nor effect it, either by trick or evasion." Even when an injunction is not served, if the party to be affected has been made aware of its being issued or that it is about to be issued, and knowingly and intentionally violates it, or knowingly and intentionally does an act to render the order of no effect, there is authority for the position that such a person may be attached for contempt of the process.

In *Osborne v. Tenant,* 14 Versey's Chancery Reports, 136, *Lord Erskine* said: "If these parties, by their attendance in court, were apprised that there was an order, that is sufficient; and I cannot attend to a distinction so thin as that persons standing here until the moment the Lord Chancellor is about to pronounce the order which, from all that passed, they must know will be pronounced, can by getting out of the hall at that instant avoid all the consequences." *Winslow v. Nayson,* 113 Mass., 411.

On the facts appearing, we are of opinion that the defendants were properly adjudged guilty of contempt, and the judgment of the court below is

Affirmed.

DEFENDANT'S APPEAL.

**Injunction—Findings—Evidence—Bona Fide Controversy.**

In this case there was sufficient evidence to justify the finding of the lower court that there was a *bona fide* controversy concerning the ownership of timber, and the restraining order was continued to the hearing.

APPEAL by defendants from order continuing the injunction to the hearing.

Same counsel.

HOKE, J. The court below finds, and the evidence fully justifies the finding, that there was a *bona fide* controversy between the parties as to the ownership of the land and timber in controversy; and the restraining order continued to the hearing comes within the expressed provisions of the statute (Revisal, secs. 807, 808). See *Moore v. Fowle,* 139 N. C., 51.

There is no error, and the judgment below is affirmed.