A. U. WILSON v. A. L. BRYAN, ADMINISTRATOR OF MERRILL BRYAN.

(Filed 28 March, 1928.)

**1. Injunction—Validity and Effect—Time Effective.**

When an injunction has been issued against a foreclosure sale under the power contained in a mortgage of lands, but notice thereof not received until after the last and highest bid has been made, but before the consummation of the sale by payment and delivery of the deed, the sale is void, and the purchaser therein acquires no right thereunder.

**2. Injunction—Violation and Punishment — Action Before Notice Not Contempt.**

Where a foreclosure sale of lands under a power of sale contained in a mortgage has been made and the mortgagee has not been notified before the bidding that an injunction had been issued by the court restraining the sale: *Held,* the sale is void from the time of the issuance of the restraining order, though the mortgagee would not be guilty of contempt in disobeying it until after notice of its issuance.

**3. Mortgages—Rights and Liabilities of Parties—Of Purchaser Under Foreclosure.**

The last and highest bidder at a sale of lands under foreclosure of a mortgage is not an innocent purchaser for value when the court has previously issued an injunction against the sale.

APPEAL by plaintiff from *Nunn, J.,* at January Term, 1928, of CRAVEN. Affirmed.

Action to compel defendant to execute and deliver to plaintiff, the last and highest bidder at a sale made by defendant, under the power of sale contained in a mortgage, a deed conveying to him the land described in said mortgage, and also to restrain defendant from again selling said land under said power of sale.

From judgment upon the facts found by the judge, dissolving the temporary restraining order, and dismissing the action, plaintiff appealed to the Supreme Court.

*W. B. Rouse and Ernest M. Green for plaintiff.*
*T. D. Warren and H. P. Whitehurst for defendant.*

WILSON *v.* BRYAN.

CONNOR, J. At 12 o'clock m. on 15 March, 1927, defendant, A. L. Bryan, administrator of Merrill Bryan, after having fully complied with the terms of a power of sale, contained in a mortgage executed by E. W. Bryan to his intestate, Merrill Bryan, offered the land described in said mortgage, for sale to the highest bidder, at the courthouse door in Craven County. Plaintiff was present at said sale, and was the last and highest bidder for said land, in the sum of $1,250. Immediately after plaintiff had been declared the last and highest bidder, and before any further proceedings had been had with respect to said sale, defendant was informed by telegram that at 11:50 a.m., on the same day, a temporary restraining order had been signed by a judge of the Superior Court at Beaufort, N. C., by which defendant was restrained and enjoined from selling or conveying the land described in said mortgage pursuant to his advertisement. The telegram was exhibited to defendant at 12:20 p.m. The restraining order was issued in an action, begun on 15 March, 1927, against defendant herein by E. H. and J. A. Meadows Company and others, as plaintiffs. Defendant immediately notified plaintiff, that he would proceed no further with the sale; the restraining order was subsequently, on the same day, duly served on defendant. It was thereafter continued to the hearing. In the meantime plaintiff took no steps to assert his rights, if any, as the last and highest bidder at the sale on 15 March, 1927. Plaintiff herein was not a party to the action in which the restraining order was issued, but had notice of its issuance against the defendant therein who is also the defendant in this action.

The action entitled "E. H. and J. A. Meadows Company *et al. v.* A. L. Bryan, Administrator," came on for trial and was tried at October Term, 1927, of the Superior Court of Craven County. Judgment was rendered therein, on the verdict, dissolving the injunction, and authorizing the defendant, A. L. Bryan, Administrator, to proceed forthwith to sell the land described in the mortgage, under the power of sale contained therein. This judgment, upon plaintiff's appeal to this Court, has been affirmed. See opinion in *Meadows v. Bryan, post,* 398.

Thereafter, on or about 1 December, 1927, plaintiff tendered to defendant the amount of his bid made at the sale on 15 March, 1927, and demanded that defendant execute and deliver to him a deed conveying the land described in the mortgage to plaintiff. Defendant declined to accept the amount tendered by plaintiff and refused to comply with his demand for a deed.

Defendant thereafter advertised the land described in the mortgage for sale on 30 December, 1927. Plaintiff instituted this action on 29 December, 1927, and procured the issuance of a temporary restraining order enjoining defendant from making the sale as advertised on 30 December, 1927.

Upon the foregoing facts, the court was of the opinion that the sale attempted to be made by defendant on 15 March, 1927, at which the plaintiff herein was the last and highest bidder, was void, and of no effect, and that plaintiff acquired no right thereby either to a deed for the land or to an order in this action, restraining the defendant from selling said land under the power of sale, contained in the mortgage to Merrill Bryan, his intestate. In accordance with this opinion, judgment was rendered, dissolving a temporary restraining order issued therein and dismissing the action. Plaintiff excepted to the judgment, and upon his appeal to this Court assigns same as error.

The restraining order issued by the judge at Beaufort, N. C., in the action entitled, "Meadows & Company *et al. v.* Bryan," became effective from and after the moment it was issued. Although the defendant Bryan was not liable to attachment for contempt, for a violation of said order, until he had received notice, by service of the writ or otherwise, of its issuance, any act done by him after the order was issued in violation of its terms was void. Having been restrained and enjoined from selling said land, by the order issued at 11:50 a.m., the sale made by him at 12 o'clock was void. He was deprived of all authority to make the sale by the order, and for that reason could not have compelled the bidder to take and pay for the land, in accordance with his bid. The fact that he was not liable to attachment for contempt, for making the sale, because he was without notice, at the time, of the issuance of the order, is not determinative of the question here presented as to the validity of the sale. If defendant, after receiving the telegram at 12:20 p.m., advising him of the issuance of the order by the judge at 11:50 a.m., had proceeded with the sale, by executing a deed to the bidder, and receiving from him the amount of his bid, as the purchase price of the land, he would have been in contempt, and would have been liable to attachment therefor. It is well settled that a defendant who violates an injunction or restraining order before the writ has been served on him, is guilty of contempt, if at the time of such violation he has notice of the issuance of the order. *Mocksville Lodge v. Bibbs,* 159 N. C., 66, 74 S. E., 743; *Davis v. Champion Fibre Co.,* 150 N. C., 84, 63 S. E., 178; *Fleming v. Patterson,* 99 N. C., 404; *Edney v. King,* 39 N. C., 465. In 32 C. J., page 372, in section 627, it is said: "To make a temporary injunction effectual, it is generally necessary to serve a copy of the writ or restraining order on the parties enjoined; but has been held that if the defendant is otherwise informed of the issuance of the injunction, he will be bound thereby as if it had been actually served, and may be punished for the breach of it."

In order that a party to an action, upon whose motion a temporary restraining order has been issued therein, may be fully protected thereby, it is generally held that such order relates back to the date of the de-

cision in accordance with which the order was made, and that such order continues in full force until dissolved or modified, or until final judgment is entered. 32 C. J., 373.

In the instant case, the sale made by the defendant, at which plaintiff was the last and highest bidder, was void for that it was made after the issuance of the restraining order, and while same was in full force and effect. At the time plaintiff and defendant received notice of the issuance of said order, the sale had not been completed by payment of the purchase money and execution of the deed conveying the land to the plaintiff. Plaintiff is not therefore in the position of an innocent purchaser for value. He was merely the last and highest bidder at a sale made without authority of defendant. Upon the facts found by the judge, and set out in the judgment, there is no error in the judgment dissolving the restraining order and dismissing the action. The judgment is

Affirmed.